07-9040-am

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2009

(Decided: December 21, 2009)

Docket No. 07-9040-am

---

In re Harry DeMell,

*Attorney.*

---

Before: Jacobs, Chief Judge, Cabranes, Pooler, Katzmann, Parker, Raggi, Wesley, Hall, Livingston, and Lynch, Circuit Judges.

This Court's Committee on Attorney Admissions and Grievances ("the Committee") has recommended that Harry DeMell, an attorney admitted to the bar of this Court, be publicly reprimanded. We adopt the Committee's findings of fact, except as discussed below, and adopt the Committee's recommendations concerning the appropriate disciplinary measures.

Roger B. Adler, Esq., New York, N.Y., *for Harry DeMell*.

**PER CURIAM:**

In July 2007, this Court ordered Harry DeMell to show cause why he should not be referred to this Court's Committee on Attorney Admissions and Grievances ("the Committee") for investigation of the matters described in that order. In a subsequent order, filed in November 2007, the Court found DeMell's response to the July 2007 order unsatisfactory and referred him to the Committee for investigation and preparation of a report on whether he should be subject to disciplinary or other corrective measures.

During the Committee's proceedings, DeMell had the opportunity to address the matters discussed in the Court's referral order, to testify under oath at a hearing held on June 2, 2008, and to present a post-hearing brief and a subsequent supplementary letter. DeMell was represented in the proceedings by Roger B. Adler, Esq. Presiding over the hearing were Committee members Evan A. Davis, Esq. and Deirdre Daly, Esq. In January 2009, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations. Thereafter, the Court provided DeMell with a copy of the Committee's report, and DeMell filed a response, which contains a number of objections to the report.

In its report, the Committee concluded that there was clear and convincing evidence that DeMell had engaged in conduct "unbecoming a member of the bar" within the meaning of Federal

2

Rule of Appellate Procedure 46(c). Specifically, the Committee found that DeMell had engaged in "conduct inimical to the administration of justice," In re Snyder, 472 U.S. 634, 645 (1985), and had neglected matters entrusted to him as a lawyer, New York Disciplinary Rule 6-101(A)(3), by (1) failing to timely respond, or timely request an extension of time to respond, to a motion to dismiss, resulting in prejudice; (2) failing to file Form C/A in a case, resulting in its dismissal; and (3) failing to timely submit papers, or timely request an extension of time, in several other cases.[1] See Report at 8.

The Committee also found that there were several aggravating and mitigating factors. The following were found to be aggravating factors: (1) there were multiple instances of misconduct, establishing a pattern, although the Committee found that the facts only fell "slightly on the side of aggravation," id. at 9; (2) DeMell failed to demonstrate complete candor with the Committee, id.; (3) DeMell failed to demonstrate an adequate commitment to corrective action, id. at 9-10; and (4) the victims of his misconduct were vulnerable, id. at 10. The following were found to be mitigating factors: (1) absence of a prior

---

[1] As of April 1, 2009, the disciplinary rules of the New York Lawyer's Code of Professional Responsibility were superseded by the New York Rules of Professional Conduct, which were promulgated as joint rules of the Appellate Divisions of the New York Supreme Court. Use of the new rules would not alter any of our conclusions.

disciplinary record; (2) evidence of good character or reputation; and (3) remorse, except insofar as he argued that he was not at fault regarding one of the defaulted cases. *Id.* at 10.

Based on its factual findings, the Committee recommended that DeMell be publicly reprimanded for his misconduct, and required to submit to the Committee periodic status reports concerning his federal practice.

Upon due consideration of the Committee's report, the underlying record, and DeMell's objections, we adopt the Committee's factual findings concerning DeMell's misconduct in this Court, except as discussed below. We also adopt the Committee's conclusion that DeMell's misconduct was sufficiently serious that it warrants both a public reprimand and a requirement that he submit the period reports described in the Committee's report. The following discussion is intended to supplement the Committee's report in several respects, and to address DeMell's objections to the report.

## DeMell's Responsibility for the Default in *Constantine v. Gonzales*, 06-4885-ag

DeMell argues in his response to the Committee's report that he is being unfairly "scapegoat[ed]" for the petitioner's failure in *Constantine* to file an opposition to the government's motion to dismiss. *See* Response at 2. DeMell claims that, once the petitioner's new attorney informed DeMell that he was being replaced, which occurred in late December 2006, he could take no

4

further action in the case and the new attorney should have remedied the default. *Id.* at 2, 4; Post-Hearing Letter dated June 24, 2008. However, DeMell's objection ignores the Committee's rationale for finding that DeMell engaged in misconduct in the *Constantine* case: (a) the government served its motion on November 28 or 29, 2006; (b) under the applicable rule, opposition to the motion was due, at the latest, by December 13, 2006; and (c) it is undisputed that DeMell was the petitioner's counsel until late December 2006, but did not file any opposition papers or present any reason for not doing so. *See* Report at 8.

DeMell may be correct that the petitioner's new attorney *also* neglected the case, but that is irrelevant to the Committee's analysis. We are in complete agreement with the following statement from the Committee's report:

> a significant contributing cause of the failure to file opposition papers – a failure that DeMell concedes was prejudicial to Constantine, Hearing Tr. 20:10-15 – was DeMell's failure to file a timely response or a timely motion for an enlargement of time. When DeMell passed on the file to [the new attorney] on or about January 10, 2007, he passed it on, either knowingly or negligently, with a substantial procedural default that was brought about due to his own, and no one else's, inaction. Whether [the new attorney] thereafter acted with sufficient diligence to remedy that default ... would not create a mitigating factor in DeMell's favor. A failure of substitute counsel to remedy a problem does not as an ethical matter excuse the misconduct of the lawyer who created the problem in the first instance by failing to file a timely opposition. ... Finally, DeMell as the departing lawyer failed to explicitly call the existing problem to [the new attorney's] attention, thereby contributing to the default.

Report at 8-9. DeMell's failure to address any aspect of the

5

Committee's rationale is mystifying. We can only speculate that he did not understand the Committee's report, he remains unaware of his ethical obligations, or he simply sought to distract attention from his own poor performance by focusing on another attorney's poor performance. In any event, he has not taken responsibility for his lack of action in the case.

## Production of Interview Notes

Prior to the Committee's June 2008 hearing in this matter, a Committee representative spoke by telephone to the attorney who had replaced DeMell in the *Constantine* case and retained notes from that conversation. *See* Hearing Tr. at 43-47; Report at 2, 9 n.2. DeMell's request for a copy of those notes was denied on the grounds that the Committee would not be relying on any statements made by the attorney in that conversation, and that any potentially exculpatory information was already available to DeMell. *See* Report at 2; *see also id.* at 9 n.2 (stating that Committee's recommendation is not based on any disputed fact resolved adversely to DeMell). In his response to the Committee's report, DeMell argues that the Committee's refusal to provide him with a copy of the interview notes "was fundamentally unfair and legally erroneous." Response at 2, 4. However, DeMell provides no analysis or citation to authority in support of that argument.

Under the rules governing the Committee's proceedings, an attorney who is the subject of a Committee investigation "has the

6

right to examine all documents in the record, unless a protective order is obtained from the Grievance Panel." Rule 7(c) of the Rules of the Committee on Attorney Admissions and Grievances. Additionally, we assume that due process requires the Committee to make available to the attorney under investigation all evidence that will be used against the attorney and all evidence that is either exculpatory or may lead to exculpatory evidence. In this context, DeMell's argument is construed as an assertion that the notes at issue were part of the record, could have led to exculpatory evidence, and therefore should have been turned over in the absence of a protective order. It is not entirely clear from the report whether the Committee applied the Rule 7(c) and due process standards, but even if it did not, any possible error would have been harmless.

DeMell does not suggest that the new attorney had any conceivable information relating to the relevant time period immediately following the filing of the government's motion to dismiss — i.e., the ten-day time period in which DeMell should have filed a response to that motion. Nor does DeMell suggest that he himself was unable to contact the new attorney directly, or that the Committee's findings or recommendation were affected in any way by his inability to review those notes. Since the Committee's findings relating to the Constantine case are based entirely on DeMell's inaction prior to the involvement of the new attorney, and DeMell has failed to show that the failure to grant

7

access to the notes prejudiced him in any way, we reject DeMell's objection to that aspect of the proceedings.

## Vulnerable Clients as Aggravating Factor

As noted above, the Committee found that the vulnerability of DeMell's clients was an aggravating factor. *See* Report at 10. DeMell objects that this finding lacks a factual basis in the record. *See* Response at 4.

An attorney who is the subject of disciplinary proceedings must have adequate notice of, and adequate opportunity to address, any aggravating factor at issue. Because the Committee report does not make clear the factual basis for its finding that DeMell's victims were vulnerable, or the nature of notice provided to DeMell, we decline to adopt this aggravating factor. However, as explained below, the absence of this aggravating factor does not alter our conclusion.[2]

## Multiple Instances of Misconduct as Aggravating Factor

In his response to the Committee's report, DeMell suggests that the defaults discussed by the Committee were isolated instances and neither systemic nor pervasive "over a career

---

[2] For purposes of this decision, there is no need for us to express an opinion as to the meaning of the term "vulnerable." Nor is there a present need to catalog the various ways vulnerability can be proved or the various ways an attorney subject to investigation can be provided notice that client vulnerability is at issue. To avoid confusion and unnecessary burden, however, we note that, in appropriate cases, the necessary facts might be established through testimony of the attorney himself.

spanning some three decades." Response at 2, 4. We find that the Committee's report properly characterized the scope of DeMell's defaults as only falling "slightly on the side of aggravation." Report at 9. Additionally, we note that DeMell's objection cuts both ways. While the number of defaults discussed by the Committee may not have been high, DeMell's many years of experience is an aggravating factor, since a reasonable attorney with thirty years experience (a) clearly would know that defaulting on a client's case leaves open the possibility of severe prejudice and (b) should have office and calendaring practices in place to avoid defaults. *See* ABA Standards for Imposing Lawyer Sanctions § 9.22(i) (1986, 1992) (listing "substantial experience in the practice of law" as possible aggravating factor).

## Conclusions .

Although we do not adopt the Committee's finding that DeMell's victims were vulnerable, we find that the final disposition recommended by the Committee remains warranted. We are particularly disturbed by DeMell's failure to acknowledge, or even address, his default in *Constantine*. In that regard, DeMell's response to the Committee's report is similar to his response to this Court's July 2007 order, which commenced this proceeding. That earlier response was found unsatisfactory due to DeMell's failure to address important issues and to provide

9

important details that a reasonable person should have known were highly relevant to our inquiry. Thus, it remains unclear whether DeMell fully accepts the fact that he engaged in serious misconduct and whether he is fully committed to mending his ways.

Upon due consideration, it is hereby ORDERED that, except as noted above, the Committee's findings and recommendations are adopted by the Court, and DeMell is PUBLICLY REPRIMANDED for the misconduct described in the Committee's report. It is further ORDERED that DeMell submit to the Committee the periodic status reports proposed in the Committee's report, in compliance with the deadlines stated therein.

This order must be disclosed in any future disciplinary proceeding or bar application, and if required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other published decisions of this Court. The text of this Court's July and November 2007 orders and the Committee's report are also to be released to the public, as appendices to the present order.

The Clerk of Court also is directed to serve a copy of this order on DeMell, this Court's Committee on Attorney Admissions and Grievances, the attorney disciplinary committee for the New York State Appellate Division, First Department, the attorney disciplinary officials for the Executive Office of Immigration

10

Review, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

**APPENDIX 1**

**Text of July 2007 order**

For the reasons that follow, Harry DeMell is ordered to show cause why he should not be referred to this Court's Committee on Admissions and Grievances for investigation of the matters described below and preparation of a report on whether he should be subject to disciplinary or other corrective measures. <u>See</u> Second Circuit Local Rule 46(h).

We have initiated this proceeding as a result of certain allegations that were made in *Constantine v. Gonzales*, No. 06-4885-ag (2d Cir.), an appeal in which DeMell was the initial attorney of record for the petitioner. The docket sheet for the appeal indicates that the government filed a motion to dismiss the petition on November 29, 2006, and served a copy of the motion on DeMell. *See Constantine*, No. 06-4885-ag, motion filed Nov. 29, 2007. However, DeMell did not file a response to the motion, or any other document in the case, despite the fact that the motion was not decided until February 20, 2007. *See id.*, order filed Feb. 20, 2007.

In two motions filed on March 7, 2007, a new lawyer requested that she be substituted as counsel of record for the petitioner and that the motion to dismiss be recalendared to allow the new attorney time to prepare a response. *See id.*, motions filed Mar. 7, 2007. The new attorney stated that, in mid-January 2007, she had been retained to represent the petitioner, and that, in early February 2007, she had been made aware that: DeMell had never filed a motion for his substitution by new counsel; the motion to dismiss was calendared for February 16, 2007; and no responding papers had been filed on behalf of the petitioner although the petitioner had wanted a response filed. *See id.* The new attorney also stated that her attempt to contact DeMell had been unsuccessful, and characterized DeMell's representation as ineffective.[1] *See id.*, motion to substitute attorney. Although

---

[1] DeMell represented the petitioner before the agency as well. *See In re Constantine*, A41-307-384 (BIA July 19, 2006) (order dismissing appeal from immigration judge, filed in Second

the motion for substitution of counsel was granted, the motion for recalendaring of the government's motion was denied. *See id.,* orders filed Mar. 19 and 27, 2007.

A review of this Court's docket indicates that DeMell was also counsel of record for the petitioner in *Halimi v. Ridge*, No. 05-5474-ag, an appeal that was dismissed for failure of the petitioner's attorney to file Form C/A. *See Halimi*, No. 05-5474-ag, order of dismissal filed Mar. 9, 2006. The Court's records indicate that a Court employee left a message for DeMell concerning the overdue form on November 9, 2005 and spoke with DeMell about the form on February 14, 2006. On the latter occasion, the Court employee was told by DeMell that the form would be "submitted asap." However, because the form was not filed, the appeal was dismissed by order filed on March 9, 2006. *See id.* The Court's records also show that, nine months later, a motion for remand of the case was submitted. *See id.,* entry dated Dec. 6, 2006. The motion was not filed, and no action was taken on it, presumably due to the earlier dismissal and the lack of a motion to reinstate the appeal.

This Court's records also indicate that DeMell has failed to timely file briefs or other documents in several other appeals, although dismissal has not resulted. *See* Second Circuit dockets in 03-4204 (late brief); 05-6088 (late supplemental brief); 06-0326 (failure to file documents in support of motion); 06-4742 (late brief).

Upon due consideration of the matters described above, it is ORDERED that Harry DeMell show cause, by a detailed declaration, made under penalty of perjury and filed within twenty-five days of the filing date of this order, why he should not be referred to this Court's Committee on Admissions and Grievances for investigation and preparation of a report consistent with Federal Rule of Appellate Procedure 46, this Court's Local Rule 46(h), and the Rules of the Committee on Admissions and Grievances.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____/s/_____
          Michael Zachary
          Supervisory Staff Attorney
          Counsel to Grievance Panel

Circuit docket for 06-4885-ag on Oct. 24, 2006).

12

**Text of November 2007 order**

For the reasons that follow, Harry A. DeMell is referred to this Court's Committee on Admissions and Grievances ("the Committee") for investigation of the matters described below and preparation of a report on whether he should be subject to disciplinary or other corrective measures. See Second Circuit Local Rule 46(h). We express no opinion here as to an appropriate disposition. The Committee may, of course, in the first instance, determine the appropriate scope of its investigation.

In July 2007, this panel ordered DeMell to show cause why he should not be referred to the Committee for investigation of the matters described in that order. See DeMell, 07-9040-am, order filed July 16, 2007. For the reasons discussed below, we find DeMell's response to that order to be unsatisfactory.

For present purposes, familiarity with both the July 2007 order and DeMell's response is assumed, and we note in the following paragraphs only the matters which do not appear to be adequately addressed in the response. Both the July 2007 order and DeMell's response will be forwarded to the Committee with the present order.

With respect to the allegations made in Constantine v. Gonzales, No. 06-4885-ag, DeMell has addressed some, but not all, of the pertinent issues. DeMell primarily argues that he was not at fault when a timely response to the government's motion to dismiss was not filed, and suggests that any fault lies with Constantine's subsequent attorney. See DeMell Resp., at ¶¶ 4-9. The conflicting assertions as to which attorney was at fault would require a credibility determination, which cannot be made based on the papers currently before this panel. However, certain important issues are not addressed in DeMell's response. Although DeMell states that Constantine and his family informed him that they did not wish him to proceed and wished to substitute counsel, DeMell does not indicate when this communication occurred. See id., at ¶ 5. DeMell further indicates that he was later called by Constantine's subsequent counsel and that she took some time to fax him a substitution letter, but does not indicate when that call occurred. Id. at ¶¶ 5-6. DeMell concedes that he may have "failed to timely file an answer or a substitution of counsel," but does not indicate whether, and when, he was aware of the motion to dismiss or what actions he took to protect his client's interests. Id., at ¶ 9.

With respect to Halimi v. Ridge, No. 05-5474-ag, DeMell alleges that the case had been transferred to this Court from a district court pursuant to a government motion. Id., at ¶ 10. Although DeMell states that he did not oppose the transfer, he also states, without explanation, that "[t]he appeal should have been dismissed by this Court in that [he] believe[d] that jurisdiction was lacking in the Court of Appeals." Id., at ¶¶ 10-11. DeMell also alleges that he "[is] not sure who is responsible for filing Form C/A," but will now do so if it is required "to close out this matter properly." Id. at ¶ 12. However, he does not address the fact that this Court's docket indicates that a Court employee twice contacted DeMell about the failure to file Form C/A, that DeMell informed the employee that it would be "submitted asap," and that the case was dismissed for failure to do so. DeMell also fails to explain why it was reasonable to allow the case to be dismissed on default, or why, if he believed this Court lacked jurisdiction, he did not oppose the government's request to transfer it to this Court, or request a transfer to a proper court, rather than taking no action.

With respect to the cases in which DeMell failed to timely file briefs or other documents, DeMell fails to provide an explanation for why extensions of time were not sought prior to the due dates for the filing of those documents. Id., at ¶¶ 13-20. See Second Circuit dockets in 03-4204-ag (late brief); 05-6088-ag (referred to as "05-6082" in DeMell response) (late supplemental brief); 06-0326-ag (failure to file documents in support of motion); 06-4742-ag (late brief). DeMell's response with respect to Khoma v. Gonzales, No. 06-0326-ag, in fact, does not mention the untimeliness of the filing at all.

Finally, we note that DeMell also failed to timely file his brief in Torres v. Gonzales, No. 07-1185-ag, and, instead, requested leave to file the brief two weeks late. See Torres, No. 07-1185-ag, motion filed Aug. 1, 2007, order granting motion filed Aug. 3, 2007.

Upon due consideration of the matters described above, it is ORDERED that Harry A. DeMell is referred to this Court's Committee on Admissions and Grievances for investigation and preparation of a report, pursuant to Federal Rule of Appellate Procedure 46, this Court's Local Rule 46(h), and the Rules of the Committee on Admissions and Grievances.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____/s/_____
          Michael Zachary
          Supervisory Staff Attorney
          Counsel to Grievance Panel

14

# APPENDIX 3

## January 2009 Report of the Committee
## on Attorney Admissions and Grievances

[Remainder of page intentionally blank; text of Appendix 3 commences on following page.]

15

# REPORT & RECOMMENDATION
## Re:  In re Harry DeMell [07-9040-am]

## I.  Introduction

By Order dated November 7, 2007 (the "Referral Order"), the United States Court of Appeals for the Second Circuit ("the Court") referred Harry DeMell to this Committee for investigation of his conduct before the Court and preparation of a report on whether he should be subject to disciplinary or other corrective measures.

DeMell has what he characterizes as a "high volume" immigration practice. The Referral Order raises a number of instances where DeMell failed to timely file briefs in cases before the Court and made applications to file a late brief only after the deadline had passed. In one such instance, Constantine v. Gonzalez, however, no brief in opposition to the government's motion to dismiss was ever filed, which DeMell concedes resulted in prejudice to his client. He contends that substituted counsel should have filed the brief, but the due date for the brief had already passed by the time the possibility of new counsel came to his attention. In view of a number of instances of allowing deadlines pass without arranging for an extension, and in light of aggravating and mitigating circumstances discussed below, the Committee concludes DeMell's neglect of this matter is of sufficient magnitude to justify a sanction.

The Committee recommends that DeMell be publicly reprimanded for his conduct, and, as described more fully below, that he be required, in connection with his practice in any federal court in the Second Circuit or in any federal administrative agency whose action is subject to the Second Circuit's review, to submit to the Committee sworn statements identifying under oath each and every instance during each of four reporting periods described below in which (1) a submission is not filed or filed out of time; or (2) an application is made for permission to make a late filing only after the due date has passed. The following constitutes the Committee's report

1

and recommendation to impose discipline on DeMell.

## II. The Disciplinary Proceeding

On March 5, 2008, the Committee sent a Notice of Referral and Proceeding to DeMell (the "Notice"). The Notice ordered, inter alia, DeMell to show cause why the Committee should not recommend disciplinary and/or other corrective action in connection with the matters contained in the Referral Order. A copy of the Referral Order and Committee's rules was attached to the Notice. On March 12, DeMell's counsel, Roger B. Adler, requested, as incoming counsel, an extension of time to respond to the Notice, which was granted. On April 12, 2008, DeMell's counsel submitted an unsworn response ("Response") to the Notice.

On April 23, 2008, the Committee sent a letter to Pankaj Malik, an immigration attorney who was subsequent counsel in the Constantine appeal, stating that it sought to interview her in connection with its investigation of certain conduct of DeMell. The Committee also requested from Malik documents relating to the Constantine appeal, which were received on May 8, 2008. On May 19, 2008 the Committee interviewed Malik regarding the Constantine appeal.

On May 20, 2008, the Committee sent a letter to DeMell requesting that he affirm under oath his Response and provide a description of the documents that were sent to Malik as incoming counsel. The Committee's May 20 letter also informed DeMell of a hearing in this matter. In his May 28, 2008 response, DeMell affirmed his Response and described the documents sent to Malik.

On May 27 and May 29, 2008, the Committee informed DeMell of the documents that might be referred to at the hearing, provided him the documents that had been furnished by Malik, and advised him that the Committee would not call any additional witnesses at the hearing.

On June 2, 2008, Evan Davis and Deirdre Daly of the Committee met with DeMell and his attorney for purposes of conducting a hearing. Amin Kassam, then-Secretary of the Committee, and Andrew Dean, assisting the Committee, were also present. At the hearing, DeMell's attorney requested any Committee notes of the Malik interview. On June 10, 2008, the Committee denied DeMell's request for its notes of the Malik interview, stating that it would not be relying on any statements made by Malik to the Committee, and that to the extent that there was any information in Malik's statements that might be deemed exculpatory, such information was already available to DeMell from the sequence of events reflected in the docket sheet and related documents, in addition to Malik's submissions, all of which were provided to DeMell. On June 11, 2008, DeMell objected to the Committee's decision not to provide him the notes of the Malik interview.

DeMell was permitted two weeks from the date of receipt of the hearing transcript to submit a post-hearing brief. On June 5, 2008, DeMell submitted a copy of the file that he

2

affirmed to have sent to the Malik firm on or about January 10, 2007. On June 24, 2008, DeMell submitted a post-hearing brief, and on November 13, 2008 DeMell submitted a post-hearing letter.

III. **Background**

The following facts are taken from court records and from DeMell's written submissions and testimony.

DeMell has practiced law for over thirty years since his graduation from law school. He is a member of the bar of the State of New York, the State of Florida, and the District of Columbia; the U.S. Court of Appeals for the Second, Third, Fifth, and Eleventh Circuits; and the United States District Courts for the Eastern District of New York, Southern District of New York, Connecticut, Central District of Florida, and the Southern District of Florida.

DeMell has approximately 500 or 600 active cases. He has the assistance of three paralegals and one receptionist, and he uses a former immigration judge to assist him with some cases. He works on almost exclusively immigration cases. He testified that the bulk of his practice is administrative and that he has only several federal district or circuit court immigration cases active at any time.

1. **The Court's Initial Show Cause Order**

As described in the Referral Order, the Court ordered DeMell in July 2007 to show cause why he should not be referred to the Committee for investigation of the matters described therein (the "Initial Order"). The Initial Order stated that the proceeding was initiated in connection with allegations that were made against DeMell in Constantine v. Gonzales, No. 06-4885-ag, an appeal in which DeMell was counsel of record. In Constantine, the government filed a motion to dismiss on November 29, 2006, and DeMell did not file a response to the motion. The motion to dismiss was ultimately decided on February 20, 2007 without benefit of opposing papers.

The Initial Order stated that a new attorney in the case, Pankaj Malik, filed two motions on March 7, 2007, requesting that she be substituted as counsel and that the motion to dismiss be recalendared. Malik's papers stated that she had been retained by the petitioner in mid-January 2007 and that in early February 2007 she learned that DeMell had not filed a motion for substitution, that the motion was calendared for February 16, 2007, and that DeMell had not filed a response.

The Initial Order also raised the issue of DeMell's conduct in Halimi v. Ridge, No. 05-5474-ag, an appeal that was dismissed for failure of petitioner's attorney to file Form C/A. A Court employee contacted DeMell twice about filing the Form C/A, and on the second occasion DeMell stated that the form would be "submitted asap." The Form C/A was never submitted and the case was dismissed.

3

The Initial Order also indicated that DeMell had failed to timely file briefs in four other matters, although dismissal had not resulted.

## 2. DeMell's Response to the Court's Initial Order

On July 25, 2007, DeMell responded to the Court's Initial Order (the "Initial Response"). With respect to the Constantine appeal, DeMell stated that petitioner's family contacted him about obtaining substitute counsel, but he could not recall when such contact occurred. He also stated that Malik contacted him about taking over the appeal and that "[s]he assured me that she would take action to substitute her appearance." According to the Initial Response, on January 10, 2007 – either "days or weeks" after his initial conversation with Malik – she sent him a substitution note, and he then sent Malik via Federal Express papers related to the appeal. The Initial Response stated that DeMell "in good faith passed on these papers to another lawyer who had informed me that she was taking over this case and trusted in her actions." He also stated that "[i]t may be that I failed to timely file an answer or a substitution of counsel. I at all times assisted new counsel and did what was in my client's interests and within what I believed were the laws and rules of this Court."

With respect to the Halimi case, DeMell stated that he was "not sure who is responsible for filing Form C-A. If your office determines that this needs to be done at this time in order to close out this matter properly I will do so."

DeMell also addressed each of the late filed briefs, which are discussed in more detail below.

## 3. The Court's Referral Order

The Referral Order described DeMell's Initial Response to the July 2007 order as "unsatisfactory." The Referral Order stated that important issues were not addressed in the Initial Response, such as when DeMell was contacted by Constantine's new counsel and when Constantine's family told him that they wished to substitute counsel. In addition, DeMell failed to state what actions he took to protect his client's interests, as he claimed to have done. Also, because DeMell suggested that fault in failure to respond to the motion to dismiss lied with Malik, the Referral Order stated that "conflicting assertions as to which attorney was at fault would require a credibility determination, which cannot be made based on the papers currently before this panel."

With respect to the Halimi case, the Referral Order stated that the Initial Response did not explain his failure to file the Form C/A in light of the fact that a Court employee twice contacted him about filing the form. DeMell also failed to explain why it was reasonable to allow the case to be dismissed on default, or why, if the Court lacked jurisdiction, he did not oppose the government's request to transfer it to the Second Circuit.

4

With respect to DeMell's failure to timely file briefs or other documents in other matters, the Referral Order stated that "DeMell fails to provide an explanation for why extensions of time were not sought prior to the due dates for the filing of those documents."

## IV. Legal Standard

Under the Rules of this Committee,

> "An attorney may be subject to discipline or other corrective measures for any act or omission that violates the rules of professional conduct or responsibility of the state or other jurisdiction where the attorney maintains his or her principal office, or the rules of professional conduct of any other state or jurisdiction governing the attorney's conduct. An attorney may also be subject to discipline or other corrective measures for any failure to comply with a Federal Rule of Appellate Procedure, a Local Rule of the Court, an order or other instruction of the Court, or a rule of professional conduct or responsibility of the Court, or any other conduct unbecoming a member of the bar."

Rules of the Committee on Admissions and Grievances, Rule 4.

"A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule." Fed. R. App. P. 46(c). "Conduct unbecoming a member of the bar" may include any conduct "contrary to professional standards that show[s] an unfitness to discharge continuing obligations to clients or courts, or conduct inimical to the administration of justice." In re Snyder, 472 U.S. 634, 645 (1985). For "[m]ore specific guidance," the Court may look to "case law, applicable court rules, and 'the lore of the profession,' as embodied in codes of professional conduct." Id. at 646 n.7.

Courts have consistently treated neglect of client matters and ineffective or incompetent representation as sanctionable conduct. See, e.g., Gadda v. Ashcroft, 377 F.3d 934, 940 (9th Cir. 2004); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 133 (2d Cir. 2004); Matter of Rabinowitz, 596 N.Y.S.2d 398, 402 (N.Y. App. Div. 1993); United States v. Song, 902 F.2d 609 (7th Cir. 1990); Matter of Kraft, 543 N.Y.S.2d 449 (N.Y. App. Div. 1989); In re Bithoney, 486 F.2d 319 (1st Cir. 1973). Such conduct is also sanctionable under the applicable professional rules and standards. The American Bar Association's Standards for Imposing Lawyer Sanctions call for a range of sanctions from reprimand to disbarment for various forms of "lack of diligence" and "lack of competence." ABA Standards §§ 4.4, 4.5. The Disciplinary Rules of New York's Lawyer's Code of Professional Responsibility require that "[a] lawyer shall not . . . [n]eglect a legal matter entrusted to the lawyer," D.R. 6-101(A)(3); in addition, the Code's Ethical Canons require that the lawyer should represent his or her client "zealously," Canon 7-1, and that he or she "be punctual in fulfilling all professional commitments," Canon 7-38.

5

"Any finding that an attorney has engaged in misconduct or is otherwise subject to corrective measures must be supported by clear and convincing evidence." Rules of the Committee on Admissions and Grievances, Rule 7(h). Once misconduct has been established, in determining the sanction to be imposed, the Committee should generally consider: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. See ABA Standards § 3.0. This Committee may recommend to the Court's Grievance Panel a range of sanctions, including disbarment, suspension, public or private reprimand, monetary sanction, removal from pro bono or Criminal Justice Act panels, referral to other disciplinary bodies, supervision by a special master, counseling or treatment, or "such other disciplinary or corrective measures as the circumstances may warrant." Rules of the Committee on Admissions and Grievances, Rule 6.

## V.  Alleged Misconduct

### A.  Constantine v. Gonzalez

On October 24, 2006, DeMell submitted, on behalf of his client Ricardo Constantine, a petition for review of a decision of the Board of Immigration Appeals ("BIA") dated July 19, 2006. On November 29, 2006 the government moved to dismiss on two grounds: (1) the Court lacked jurisdiction as an earlier appeal of the matter had been dismissed and transferred back to the District Court where the matter was still pending, and (2) the petition for review was untimely because it was filed more than 30 days after the BIA order. On January 26, 2007, the Constantine docket indicates a notice to counsel that the motion was returnable on February 16, 2007. No opposition papers were filed. On February 20, 2007 the Court dismissed the appeal for lack of jurisdiction.[1]

DeMell acknowledges that Constantine was prejudiced by the failure to file opposition papers, Hearing Tr. 20:10-15, but contends that the failure to file an opposition was not his fault because Constantine had retained new counsel, Pankaj Malik, and DeMell had forwarded the file to Malik on January 10, 2007. It is DeMell's position that it was the responsibility of new counsel to file an opposition to the motion to dismiss.

According to Malik, on or about December 29, 2006 Constantine sought to have Malik represent him in connection with the appeal. On or about January 8, 2008, Malik sent a letter to DeMell confirming the change of counsel and asking DeMell to send her Constantine's file. Initially, Malik did not recall having received any documents from DeMell, although she later confirmed that on or about January 11, 2007, she received documents from DeMell. Records

---

[1] The Court's opinion granting the motion appears to have misperceived the motion to be directed to a petition for habeas relief when in fact it was directed to a petition for review. The Court's opinion did not discuss the reason set forth in the petition for review to explain the filing more than 30 days after the administrative decision, but rather, viewing it as a habeas application, relied on the Court's lack of jurisdiction in that circumstance. In this regard, it did not grant dismissal for lack of jurisdiction on the ground urged by the government.

6

from Federal Express confirm that Malik's firm signed for such a package from DeMell's firm on January 11, 2007. However, Malik claimed that the documents she received did not constitute the entire file and that there was nothing in the documents that reflected the existence of the motion to dismiss or that it was calendared for February 16, 2007. DeMell disputed this and produced a copy of the file purportedly sent to Malik that included the government's motion to dismiss. The Committee credits his testimony on the ground that he would have no reason not to produce the entire file to Malik and that there is a lack of clarity in Malik's account of what she received.

Malik filed a notice of appearance on behalf of Constantine on February 5, 2007, but no motion for substitution of counsel was filed until March 7, 2007. Malik claimed that DeMell was responsible for filing a motion to substitute counsel; DeMell claimed that it was Malik's responsibility. In view of the reasons the Committee believes justify a sanction, the Committee does not decide that issue and notes that the matter appears not to be clearly addressed in the federal or local rules. In a motion paper dated February 15, 2007, Malik moved to re-calendar the return date of the motion to dismiss, but due to the absence of a motion for substitution of counsel, the motion to re-calendar was not docketed until March 7, 2007 upon filing of the motion for substitution of counsel. On March 19, 2007 the motion for substitution of counsel was granted, and on March 27, 2007 the motion to re-calendar was denied.

## B.   Halimi v. Ridge

In Halimi, DeMell conceded that he failed to file the Form C/A, which is a pre-argument statement in an administrative matter. Hearing Tr. 24-27. The Committee asked DeMell why he did not file the statement even though the Clerk of the Court asked him to submit it, and he responded:

> "I wish I could be very specific but overworked, it fell through the cracks, and I believe at the time I thought the case was, as we say, going south. I should have filed it. There was some question as to whether I had responsibility or the Assistant U.S. Attorney, because it was a referral based on their request, but I should have filed it." Hearing Tr. 26:18-25.

## C.   Filing of Untimely Briefs or Papers

The Court also noted that DeMell filed late briefs or other documents in Bugayong v. Ashcrosft (03-4204-ag), Gray v. Gonzales (05-6088-ag), Khoma v. Gonzalez (06-0326-ag), Matadin v. Gonzales (06-4742-ag), and Torres v. Gonzalez (07-1185-ag). In Bugayong, DeMell filed a brief, along with a motion to accept the late brief, nearly five months late. The Court granted the motion to file the late brief. DeMell stated that the brief was initially rejected as a result of "improper formatting," and that he "didn't realize [the brief] was that late." Hearing Tr. 28:22-23; 29:1-7. In Gray, DeMell filed a supplemental brief, along with a motion to accept the late supplemental brief, nearly one week late. The Court granted the motion to file the late brief. DeMell stated that the brief was late as the result of a recent Supreme Court decision that could

7

have had some impact on case strategy and that he was "overworked." Hearing Tr. 30:20-23. In Khoma, DeMell did not file a brief, but he explained that there were difficulties in obtaining the BIA record, which is supported by the docket entries in the case, and that the client "disappeared." In Matadin, DeMell filed a brief approximately ten days late. DeMell filed a motion for extension of time the day after the brief was due, which was subsequently approved by the Court. On November 13, 2008, DeMell informed the Committee that the Second Circuit ruled favorably for his client in the Matadin case. Finally, in Torres, DeMell filed a brief, along with a motion to accept the late brief, approximately two weeks late. The Court granted the motion to file the late brief. DeMell could not recall why he filed the brief late. Hearing Tr. 34:18-21.

## VI.  Disciplinary Action is Warranted

Based on clear and convincing evidence, the Committee finds that disciplinary action is warranted in this case based on "conduct unbecoming a member of the bar." Fed. R. App. P. 46(c). Specifically, DeMell has engaged in "conduct inimical to the administration of justice," In re Snyder, 472 U.S. 634, 645 (1985), and neglected a matter entrusted to a lawyer, DR-6-101(A)(3), by (1) failing to timely respond, or timely request an extension of time to respond, to a motion to dismiss, resulting in prejudice; (2) failing to file Form C/A as directed by the Court; and (3) failing to timely submit papers, or timely request an extension of time, in several other cases. The Committee notes that there is no dispute over any fact that serves as a basis for disciplinary action.

As previously noted, in Constantine the government's motion to dismiss was filed on November 29, 2007. Under Second Circuit Local Rule 27, opposition to this motion was due 7 days after service in person or 10 days after service by mail. Thus, from a time well before new counsel was retained and up to the time DeMell transmitted the file to Malik on January 10, 2008, the filing of an opposition would have required a motion to file a late brief.

The Committee concludes that a significant contributing cause of the failure to file opposition papers – a failure that DeMell concedes was prejudicial to Constantine, Hearing Tr. 20:10-15 – was DeMell's failure to file a timely response or a timely motion for an enlargement of time. When DeMell passed on the file to Malik on or about January 10, 2007, he passed it on, either knowingly or negligently, with a substantial procedural default that was brought about due to his own, and no one else's, inaction. Whether Malik thereafter acted with sufficient diligence to remedy that default, and the Committee tends to doubt that she did, would not create a mitigating factor in DeMell's favor. A failure of substitute counsel to remedy a problem does not as an ethical matter excuse the misconduct of the lawyer who created the problem in the first instance by failing to file a timely opposition. This is particularly the case where the misconduct of not meeting the deadline or arranging for an extension prior to the expiration of the deadline is not an isolated incident. Finally, DeMell as the departing lawyer failed to explicitly call the

8

existing problem to Malik's attention, thereby contributing to the default.[2]

There are both aggravating and mitigating circumstances here. See ABA Standards §§ 9.22; 932.

A pattern of failing to meet deadlines or failing to apply for an extension before the deadline has passed would be an aggravating circumstance, and an isolated instance would be a mitigating circumstances ABA Standard § 9.22(c) ("a pattern of misconduct"); 9.22(d) ("multiple offenses"). The facts here fall slightly on the side of aggravation. DeMell offered no reasonable explanation for the failure to file Form C/A in Halimi after the clerk asked him to do so, and that failure resulted in dismissal. In the Court's Referral Order, several instances are cited where DeMell moved to file a late brief, which motion was in all cases granted. In answering questions about these late briefs when examined by Committee members, DeMell testified to plausible reasons for filing a late brief in several of the cases. However, with respect to Gray, DeMell explained that he was overworked – a reason that could always be available to one conducting an understaffed practice. In Bugayong and Torres, DeMell failed to provide a reasonable explanation for the filing of a late brief. In all instances the motions for permission to file a late brief was filed after the due date.

There is another aggravating factor present in this case. In his dealings with this Committee, DeMell has not been completely candid. ABA Standard § 9.22(f) ("submission of false evidence, false statements, or other deceptive practices during the disciplinary proceeding"). In his April 12, 2008 Response submitted to the Committee by his counsel, his counsel stated, "The government in a motion filed November 29, 2006 moved to dismiss the appeal for lack of jurisdiction. An opposition brief was filed with the Court (Exhibit B)." This statement was misleading. The opposition brief attached as Exhibit B related to an earlier proceeding under a different docket number involving Constantine and not to the motion made on November 29, 2006. At the request of the Committee, and in accordance with its rules providing that all factual statements must be made under oath, DeMell submitted an affirmation on May 28, 2008 confirming the accuracy of all statements made in his April 12, 2008 Response. It is an aggravating factor that his affirmation confirmed as correct a misleading statement.

The Committee is also concerned about DeMell's lack of adequate commitment to corrective action. When asked what lessons he had learned, DeMell stated that he was embarrassed and understood that his work was "getting sloppy" by filing late briefs and that he would have to "clean up [his] act." Hearing Tr. 38:3-7. However, particularly in view of his concession that he has a high-volume practice and is overworked, proper corrective action would include a concrete commitment to reduce caseload or better staffing in his practice. He said that he planned to raise his "fees a bit" and "chase away" a few clients and "give more attention to the ones that remain", id. at 38:20-39:8, but offered no specific target for reduction in caseload or

---

[2] DeMell sought the Committee's interview notes with Malik, which request the Committee denied for the reasons stated above. Moreover, the Committee does not base its recommendation on the resolution of any disputed fact adversely to DeMell.

9

specific commitment to enhanced staffing.

The final aggravating factor is the vulnerability of his victims. ABA Standard § 9.22(h).

Mitigating factors include (1) the absence of a prior disciplinary record; (2) character or reputation; and (3) remorse. With respect to mitigating factor (1), DeMell states that he has no disciplinary record in the First Department. With respect to factor (2), while DeMell did not present any character witnesses, he attached several documents to his April 12, 2008 submission showing that: he served as a lecturer for The Nassau Academy of Law Program in June 2005, May 2002, 1994-1995, and 1996-1997; he received a certificate of appreciation from the Nassau County Bar Association's Speakers Bureau from 2000-2001; and he served as Chair of the Immigration Law Committee of the Bar Association of Nassau County in 1999-2001 and 1995-1997. With respect to factor (3), DeMell stated that he needed to "clean up [his] act" with respect to late briefs. However, he did not agree that he shared any fault for the dismissal in the Constantine case, which somewhat cuts against this as a mitigating factor.

## VII. Recommendation

A single instance of conduct inimical to the administration of justice or neglect of a matter entrusted to an attorney might not justify any sanction, but here there are a number of instances of misconduct and neglect. In addition, conduct and neglect arising from a high volume practice is serious because of the likelihood that repetitive neglect will result to the detriment of present and future clients. Where a lawyer engages in practice at a sufficiently high volume, neglect due to overwork and inadequate coverage is a risk knowingly assumed. And here, DeMell's actions prejudiced one of his clients.

The aggravating factors are significant, and DeMell did not state any concrete steps that he had taken to address his conduct other than increasing his fees. DeMell does not have a significant federal district or circuit court practice, but there is a high incidence of late briefs in the Second Circuit.

Accordingly, DeMell should be publicly reprimanded for his failures as set forth herein. (A draft form of reprimand is attached). In addition, he should be required, in connection with his practice in any federal court in the Second Circuit or in any federal administrative agency whose action is subject to the Second Circuit's review, to submit to the Committee sworn statements identifying under oath each and every instance during each of the four reporting periods described below in which (1) a submission is not filed or filed out of time; or (2) an application is made for permission to make a late filing only after the due date has passed. It is expected that these reports will show no such instances absent exigent circumstance, which circumstances should be attested to under oath in the respective report.

In the event that a report is not timely filed or reveals deficiencies not justified by exigent circumstance, the Committee may recommend the imposition of additional discipline, including

10

but not limited to suspension from the Second Circuit, without hearing further testimony.

The following reporting periods and deadlines shall be observed. The report for each reporting period shall be mailed to the Committee Secretary within ten (10) days of the end of that reporting period. The first reporting period shall commence 10 days after the Committee's recommendation is mailed to DeMell and shall end six months after the Second Circuit issues its order of disposition in this matter. Each of the three subsequent reporting periods shall be for a reporting period commencing at the end of the prior reporting and ending six months later. A total of four reports will be prepared and mailed to the Committee Secretary.