# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand eleven.

Present:

>José A. Cabranes,
>Robert D. Sack,
>Richard C. Wesley,
>>*Circuit Judges.*

_____

In re James A. Kilduff,

>Attorney.

11-90006-am

**ORDER OF
GRIEVANCE PANEL**

_____

For the reasons that follow, James A. Kilduff is SUSPENDED from the bar of this Court pending final disposition of this matter.  Furthermore, Kilduff is ordered to show cause why other disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and

(c) and Second Circuit Local Rule 46.2.

Kilduff was referred to this panel as a result of the proceedings in *United States v. Kalidal*, 10-200-cr, in which he represented Mohamed Kalidal. The appeal was from a district court criminal judgment sentencing Kalidal to, *inter alia*, four months' imprisonment and one year of supervised release. In February 2010, the Government moved to dismiss Kalidal's appeal based on his waiver of appellate rights. *See Kalidal*, 10-200-cr, motion filed Feb. 4, 2010. Thereafter, this Court ordered Kilduff to respond to the Government's motion, in compliance with the requirements of *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), no later than the deadline Kilduff proposed for his appellate brief. *Id.*, order filed Feb. 5, 2010; *see* Second Cir. Local Rule 31.2(a) (governing the setting of briefing schedules). However, Kilduff failed to either propose a deadline for his brief or file a response to the Government's motion. He also failed to file this Court's Form B, pursuant to Second Circuit Local Rule 12.2(a).

In June 2010, the Clerk's Office informed Kilduff, through email, that he needed to either respond to the motion to dismiss or move to be relieved as counsel. Additionally, on July 28, 2010, this Court entered an order stating that, because Form B had been due by February 3, 2010, the appeal was in default and would be dismissed if Kilduff did not file the form by August 11,

2

2010. *Id.*, order filed July 28, 2010. The docket does not reflect that Kilduff took any action in response to the June email or July order. In late October 2010, the Clerk's Office left a telephone message reminding Kilduff of the need to file both Form B and a response to the Government's motion to dismiss. Several days later, Kilduff informed the Clerk's Office that a response would be filed.

On November 2, 2010, Kilduff filed a two-page affirmation in response to the Government's motion to dismiss. *Id.*, response filed Nov. 2, 2010. In December 2010, this Court entered an order deferring decision on the motion to dismiss, finding Kilduff's perfunctory response deficient under *Gomez-Perez*. *Id.*, order filed Dec. 20, 2010. The Court gave Kilduff twenty-one days to (a) file a response to the motion to dismiss that complied with *Gomez-Perez* or move for voluntary dismissal of the appeal; and (b) show cause why disciplinary or other corrective measures should not be imposed on him. *Id.* The Court also warned that further unnecessary delay in responding to the Government's motion, or any other failure to comply with the order, could result in the imposition of sanctions. *Id.* On January 10, 2011 (the twenty-first day after the filing of the December 2010 order), Kilduff filed both Form B and an *Anders* brief. *See id.*, brief and Form B filed Jan. 10, 2011. However, since the *Anders* brief was defective in several respects, Kilduff

3

was ordered to cure the defects no later than January 18, 2011. *Id.*, defective document notice filed Jan. 11, 2011. He failed to do so. He also did not respond to the portion of this Court's December 2010 order directing him to show cause why he should not be disciplined. In February 2011, this Court struck the defective *Anders* brief, relieved Kilduff as counsel for Kalidal, appointed new counsel, and referred Kilduff to this panel for disciplinary proceedings. *See id.*, orders filed Feb. 1, 2011.

As noted in the December 2010 order, Kilduff also had failed to respond to the Government's motion to dismiss *United States v. Elarabi*, 06-4891-cr.[1] In that appeal from a criminal judgment imposing, *inter alia*, fours years of probation and over $130,000 in restitution, Kilduff was counsel for the appellant, Mohammed Elarabi. Although the notice of appeal was filed *pro se*, there is nothing on the district court's docket sheet indicating that Kilduff was relieved as counsel for Elarabi, and this Court continued Kilduff as counsel of record pursuant to this Court's local rule. *See Elarabi*, 06-4891-cr, scheduling order filed Oct. 26, 2006.

In November 2006, the Government moved to dismiss the appeal as untimely. *See id.*, motion filed Nov. 15, 2006. Kilduff did not respond, although the Government's motion indicates that it

---

[1] The records of both this Court and the district court indicate that Kilduff had been retained by both Kalidal and Elarabi.

4

was served on him.  *See id.* at 19.  In December 2006, this Court granted the Government's motion to dismiss, but directed the district court to construe the notice of appeal as a motion to extend the time to file the notice of appeal.  *See id.*, order filed Dec. 26, 2006.  Unfortunately, the district court did not comply with this Court's December 2006 order, and there is no indication that Kilduff took any action to ensure compliance.  Instead, when the situation recently came to this Court's attention, the district court was contacted by this Court and the district court granted Elarabi's extension motion.

Kilduff's multiple defaults, particularly his failure to respond to the December 2010 order to show cause why he should not be disciplined, lead us to believe that his continued practice in this Court may be a detriment to his clients, the public, and this Court.  Furthermore, a failure to respond to such an order to show cause can, by itself, be construed as an admission that the misconduct described in the December 2010 order occurred and that discipline is warranted.  Under these circumstances, an interim suspension may be warranted until such time as the defaulting attorney shows excusable neglect or good cause for the failure to respond to the order to show cause, and cures the default.  *See, e.g.*, *In re Spiegler*, 33 A.D.3d 187, 190 (1st Dep't 2006) (imposing interim suspension, under 22 N.Y. Comp. Codes R. & Regs. § 603.4(e)(1)(i), after finding attorney's

5

failure to respond to disciplinary committee inquiries, appear for deposition, provide subpoenaed documents, or respond to motion for immediate suspension "demonstrates a willful noncompliance with the Committee's investigation that threatens the public interest"); *In re Kaplan*, 49 A.D.3d 107, 111 (1st Dep't 2008) ("dilatory tactics in responding to Committee requests and failure to appear for two scheduled depositions constitutes failure to cooperate with the Committee, warranting interim suspension"). Interim disciplinary measures may be particularly appropriate where they (a) would protect the attorney's clients, the public, or this Court from further misconduct, or (b) are necessary to ensure the attorney's cooperation in the disciplinary proceeding.

Upon due consideration of the matters described above, it is hereby ORDERED that Kilduff is SUSPENDED from the bar of this Court pending final disposition of this matter. Regarding that final disposition, it is further ORDERED that Kilduff show cause, in a detailed declaration, why he should not be removed from the bar of this Court, or subject to other disciplinary or corrective measures, based on the conduct described above. The declaration must be made under penalty of perjury and filed within twenty-one days of the filing date of this order. Furthermore, the declaration must include:

> (a) a complete list of all cases in this Court in which
> he is, or was, counsel of record or performing legal

6

services for any litigant (which is to be updated with any additional cases in which he begins providing legal services after the filing of the initial list required by this clause);

(b) a complete list of all cases currently pending in the federal district and bankruptcy courts of this circuit in which he is counsel of record or performing legal services for any litigant (which is to be updated with any additional cases in which he begins providing legal services after the filing of the initial list required by this clause);

(c) a complete list of all bars of which he is a member, including all bar numbers and other bar identification information, and a statement of whether he is in good standing with each identified bar;

(d) a statement of whether he has been disbarred, suspended, reprimanded, or otherwise disciplined by any bar or court and, if so, a copy of each document imposing such a disciplinary measure must be attached to the declaration;

(e) a statement of whether, aside from any document listed in response to clause (d), he has ever been ordered by any court or bar disciplinary authority to show cause why he should not be disciplined and, if so, a copy of each such order, and any response to each such order, must be attached to the declaration; and

(f) an explanation for all of the conduct discussed in this order and the December 2010 and February 2011 orders in *United States v. Kalidal*, including a discussion of whether his clients were prejudiced in any way by that conduct.

If Kilduff is represented by counsel at any stage of these proceedings, counsel must file a notice of appearance, under this docket number.

The Clerk of Court is directed to serve a copy of this order on Kilduff, return receipt requested, at the following address from the attorney directory web site of the New York State Unified Court System:

James Andrew Kilduff, Esq.
Lazzaro Law Firm, P.C.
360 Court Street, Suite 3
Brooklyn, New York 11231-4353

The Clerk of Court is further directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on this Court's Committee on Admissions and Grievances, the attorney disciplinary committees for the New York State Appellate Division, Second Department, the United States District Courts for the Eastern and Southern Districts of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: Michael Zachary
Counsel to the Grievance Panel

8