17-90012-am
In re Moreno

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
>   *Circuit Judges.*

---

In re CARLOS E. MORENO,                                                            17-90012-am

                                        *Attorney.*                          ORDER OF
                                                                             GRIEVANCE PANEL

---

By order dated January 24, 2017, Carlos E. Moreno was directed to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2, based on his conduct in several

cases before this Court and the Board of Immigration Appeals. The text of the January 2017 order is appended to the present order. The deadline for Moreno's response was February 21, 2017.

On February 24, 2017, a Court employee informed Moreno by email that his response had not yet been received. Moreno responded that he had just read the Court's order and would file his response by March 1, 2017. On March 1, however, Moreno informed the Court by telephone that he had been very sick and that his response would be filed on March 6, 2017. As of the date of the present order, Moreno's response has not been received, and Moreno has not requested an extension of time or otherwise contacted the Court.

In the meantime, by order filed March 9, 2017, the New York State Appellate Division, First Department, suspended Moreno from the practice of law in New York State "until such time as disciplinary matters pending before [that court's Attorney Grievance] Committee have been concluded, and until further order of [that court]." *In re Moreno*, -- N.Y.S.3d --, 2017 WL 923544, at *4 (1st Dep't Mar. 9, 2017). The interim suspension was based on Moreno's "willful failure to cooperate with the [Attorney Grievance] Committee," which was found to "threaten[] the public interest in the effectiveness of the attorney disciplinary system." *Id.*, at *3 (internal quotation marks omitted). The conduct discussed in the First Department's decision did not include any of the conduct described in our January 2017 order.

For the following reasons, Moreno is suspended from practice before this Court until further order of this Panel.

**I.     Moreno's Default in this Disciplinary Proceeding**

Based on Moreno's failure to respond to our January 2017 order, the conduct described in that order, and the other circumstances noted above, we find that his continued practice in this Court,

pending a final determination in this disciplinary proceeding, poses a serious threat to his clients, the public, and this Court. *See In re Kilduff*, 414 F. App'x 338, 340 (2d Cir. 2011) (summary order; holding that interim suspension may be appropriate where attorney has failed to respond to an order to show cause why he should not be disciplined). Although we have not reached a final determination concerning the conduct described in the January 2017 order, Moreno's failure to respond to that order is construed, for present purposes, "as an admission that the misconduct described in the [order] occurred and that discipline is warranted." *Id.* To protect the interests of Moreno's clients, the public, and the Court, we conclude that an interim suspension is warranted until such time as he shows excusable neglect or good cause for the failure to respond to the January 2017 order, and cures the default. *Id.*; *accord United States v. Berrio Restrepo*, 2d Cir. 14-4049, order filed Sept. 23, 2015 (suspending attorney from practice in this Court on interim basis); *In re Rosado*, 2d Cir. 14-90006-am, order filed Dec. 10, 2014 (same); *In re Castillo*, 2d Cir. 14-90008-am, order filed May 9, 2014 (same).

Upon due consideration of Moreno's conduct in this Court, including his failure to comply with our January 2017 order, it is hereby **ORDERED** that, pending final disposition of this disciplinary matter, Moreno is **SUSPENDED** from the practice of law before this Court (aside from representing himself).

**II.     Reciprocal Discipline Based on First Department's Order**

Aside from Moreno's conduct in this Court, this Court's reciprocal disciplinary rule and the March 2017 First Department order provide an independent basis for an interim suspension. Thus, it is further **ORDERED**, pursuant to Second Circuit Local Rule 46.2(c)(2), that Moreno be **RECIPROCALLY SUSPENDED** from the practice of law before this Court upon such terms and conditions as set forth in the March 2017 First Department order and until further order of this Court.

3

The reciprocal suspension will become effective 28 days after the date of the present order unless modified or stayed. *See* 2d Cir. Local Rule 46.2(c)(2)-(3).

**III.     Scope of Suspension, Future Proceedings, and Service of Order**

During the suspension imposed by this order, Moreno may not act as counsel of record or otherwise represent or advise any client concerning a matter in this Court, draft any paper intended for filing in this Court, or perform any other legal services for a matter in this Court. Any request to modify, stay, or terminate this interim suspension must comply with the requirements stated in the January 2017 order, and also address both the default in this disciplinary proceeding and the conduct discussed in the First Department's interim suspension order.

The Clerk of Court is directed to serve a copy of this order on Moreno, the attorney grievance committee for the New York State Appellate Division, First Department, disciplinary counsel to the United States Executive Office for Immigration Review, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]  Counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other attorney disciplinary authorities. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

## APPENDIX : TEXT OF JANUARY 2017 ORDER

For the reasons that follow, Carlos E. Moreno is ordered to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2. Moreno's response to the present order must address all of the conduct described below, including the conduct before the immigration agency.

This Court's records suggest that Moreno may have engaged in questionable conduct in each of the five cases he has filed in this Court.

Moreno was referred to this panel as a result of his conduct in *Melville v. Lynch,* 15-1947, and *Melville v. Lynch,* 15-3009, in which he represented Calvin Melville in this Court with regard to Melville's petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motion for, inter alia, reconsideration of his removal order.

The first *Melville* appeal was dismissed on default, in August 2015, when Moreno failed to comply with a July 2015 order warning him that the case would be dismissed if he failed to file a required form by a specified date. *See Melville,* 15-1947, entries 10 (order), 14 (order made effective). Moreno did not request reinstatement. Instead, on September 24, 2015, well over two months after the Court's July 2015 order and over a month after the August 2015 order, Moreno filed a new petition, docketed under 15-3009, seeking review of the same BIA order that was the subject of the petition docketed under 15-1947. Moreno made two assertions in the September 2015 petition that were clearly incorrect: (1) that it was "the first request … made to this Court of any court of competent jurisdiction," and (2) that it was timely because the previous petition was timely. *See Melville,* 15-3009, entry 1 (petition) at 1.

In October 2015, Moreno was warned by Court order that the new case would be dismissed if he failed to file a required form and, separately, the Government moved to dismiss the case as untimely. *Id.,* entries 5 (order), 12 (motion). Moreno failed to file the required form (even after two follow-up telephone calls from the Clerk's Office) and failed to respond to the Government's motion (despite over five months passing before the motion was decided). In April 2016, the Court dismissed the new case as untimely. *Id.,* entry 26 (order). In doing so, the Court stated that any request to reinstate the prior case, docketed under 15-1947, had to be filed in that prior case with an explanation for the default and why reinstatement was warranted. *Id.* Moreno took no further action in either case.

The BIA order that was the subject of the *Melville* appeals suggests the possibility of additional questionable conduct, before the agency. According to the BIA order, Melville had waived any challenged to an immigration judge's October 2014 denial of his applications for a § 212(h) waiver and adjustment of status by not timely appealing the decision. *Id.,* entry 1 at 4 (BIA order attached to petition). The administrative record suggests that Moreno represented Melville before the agency during the relevant time period. *Id.,* entry 21 (admin. record). Moreno's response to the present order must address whether he was responsible for that untimely filing before the agency and, if so, whether it constituted misconduct.

Moreno also may have engaged in questionable conduct in three other cases in this Court. First, *Pluma v. Lynch*, 15-3812, also was dismissed on default, when Moreno failed to comply with two orders warning him that the case would be dismissed if he failed to file a required form by specified dates. *See Pluma v. Lynch*, 15-3812, entries 9, 11, 15 (orders). Moreno took no further action. Additionally, the BIA order challenged in *Pluma* stated that the motion then under review by the BIA had been untimely filed. *Id.*, entry 1 at 6 (BIA order attached to petition). The administrative record suggests that Moreno represented Pluma before the agency during the relevant time period. *Id.*, entry 8 (admin. record). In his response to the present order, Moreno must address whether he was responsible for that untimely filing before the agency and, if so, whether it constituted misconduct.

Second, in *Perez v. Lynch*, 15-3849, Moreno failed to respond to either the Court's order warning that the case would be dismissed if he failed to file a required form by a specified date, or the Government's motion to dismiss on the grounds that he was attempting to appeal a nonfinal BIA order. *Perez v. Lynch*, 15-3849, entries 9 (motion), 12 (order). The case was dismissed based on Moreno's failure to file the form. *Id.*, entries 15, 16. Moreno took no further action.

Third, in *Gutierrez Moreno v. Lynch*, 16-3465, Moreno similarly failed to respond to either the Court's order warning that the case would be dismissed if he failed to file a required form by a specified date, or the Government's motion to dismiss the case as untimely. *Gutierrez Moreno v. Lynch*, 16-3465, entries 24 (motion), 32 (order). Although Moreno acknowledged in his petition for review that it was untimely filed, and stated that he "will submit in support of his request to accept the untimely filing," *id.*, entry 1 at 1, he never did so. The Government's motion was granted. *Id.*, entry 44 (order). Additionally, the BIA order challenged in *Gutierrez Moreno* stated that the second motion to reopen then under review in that BIA order had been untimely filed. *Id.*, entry 3 (BIA order) at 1. The administrative record suggests that Moreno represented Gutierrez Moreno before the agency during the relevant time period. *Id.*, entry 30 (admin. record). In his response to the present order, Moreno must address whether he was responsible for that untimely filing before the agency and, if so, whether it constituted misconduct.

Finally, this Court's records reflect that Moreno never renewed his admission to this Court's bar after it expired in April 2005 and, therefore, violated this Court's Local Rule 46.1 as to all of the cases discussed above. *See* Second Circuit Local Rule 46.1(a) ("Except as otherwise provided in these rules, an attorney who appears on behalf of a party or an amicus curiae in any capacity must be admitted to practice before this court, or have pending an application for admission.").

Upon due consideration of the above-noted matters, it is ORDERED that Moreno show cause, in a detailed declaration, why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2.

[remainder of order omitted]