18-90029-am
In re Ortega

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

In re MANUEL ORTEGA,                                                     18-90029-am

                                    *Attorney.*                          ORDER OF
                                                                         GRIEVANCE PANEL

---

## I.      Prior Proceedings, Including Interim Suspension

In *United States v. Berrio Restrepo (Gomez De Cavides)*, 14-4049 (2d Cir.), Manuel Ortega

represented Gloria Luz Gomez De Cavides in her appeal from a 2014 criminal judgment sentencing

her to, inter alia, 60 months' imprisonment. *See Berrio Restrepo (Gomez De Cavides)*, 14-4049, doc. 2 (criminal judgment). Although Ortega was not a member of this Court's bar, he represented Gomez De Cavides pursuant to this Court's Local Rule 4.1 (requiring attorney who represented a defendant in a district court criminal case to continue that representation on appeal even if the attorney is not admitted to this Court's bar).

By ordered enter in July 2015 in that appeal, this Court directed Ortega to show cause why he should not be sanctioned for failing to respond to orders of this Court and multiple telephone calls placed by the Clerk's Office. He also was directed to appear in person for a hearing on the July 2015 order. *See id.*, doc. 30.

The deadlines for Ortega's response to the July 2015 order, and for the hearing, expired in August 2015. Ortega never responded to that order or scheduled the hearing; he also failed to respond to the Court's orders directing him to file a proper response to the Government's motion to dismiss the appeal. *Id.*, docs. 11 (Government motion), 22, 28 (orders requiring proper response to motion). As a result of his defaults, Ortega was relieved as counsel for Gomez De Cavides. *Id.*, doc. 35. The Appellant, proceeding pro se, defaulted on the appeal, resulting in its dismissal. *Id.,* doc. 43 (warning that appeal would be dismissed), entry 48 (noting dismissal based on default), doc. 50 (dismissal mandate).

As a result of Ortega's conduct in *Berrio Restrepo (Gomez De Cavides)*, and his failure to comply with the July 2015 order, he was barred from the practice of law before this Court pending final disposition of this disciplinary matter. *Id.,* doc. 38 (September 2015 order of Grievance Panel); *see also In re Kilduff*, 414 F. App'x 338, 340 (2d Cir. 2011) (holding that interim suspension may be

appropriate where attorney has failed to respond to an order to show cause why he should not be disciplined).

**II.     Final Disposition of Disciplinary Proceeding**

Ortega's failure to respond to the July 2015 order is treated as an admission that he did, in fact, engage in the conduct described in that order and that he lacked any legitimate excuse for it.  *In re Aranda*, 789 F.3d 48, 57 (2d Cir. 2015).  That failure to respond also constitutes both an independent basis for disciplinary action and a significant aggravating factor.  *Id.* at 57-58. Additional significant aggravating factors include the fact that the defaults described in the July 2015 order occurred in a criminal appeal, where significant liberty interests were at risk, *id.* at 59, and the fact that Ortega has substantial experience as a lawyer, *see In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009).[1]

Upon due consideration of the above matters, it is hereby ORDERED that the interim suspension imposed in our September 2015 order is terminated, and Ortega is PUBLICLY REPRIMANDED and BARRED from the practice of law before this Court unless he is first granted admission to the Court's bar or granted leave to represent a party in a particular case.  *See In re Koenig*, 592 F.3d 376, 378 (2d Cir. 2010) ("The fact that Koenig is not a member of this Court's bar does not shield him from this Court's disciplinary authority.  An attorney who avails himself of the privileges of practice before this Court also accepts the duties and obligations that are an inherent part of that practice.").  Any application by Ortega for admission to this Court's bar, or motion to represent a

---

[1] The New York State attorney registration website states that Ortega was admitted to the New York bar in 1987.

3

party in any appeal in this Court, must be accompanied by a copy of this order, a response to the July and September 2015 orders, and an explanation for the defaults in this disciplinary proceeding.

If Ortega is continued as counsel in any case in this Court pursuant to this Court's Local Rule 4.1 (and is not yet a member of this Court's bar), he must promptly notify the Court of the need for substitution or seek leave to appear in the case. *See* 2d **Cir**. Local Rule 4.1.

The Clerk of Court is directed to serve a copy of this order on Ortega, the attorney disciplinary committees for the New York State Appellate Division, Second Department, and the United States District Courts for the Southern and Eastern Districts of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[2] The Clerk is further directed to file a copy of this order on the docket for *Berrio Restrepo (Gomez De Cavides)*, 14-4049.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Counsel to this panel is authorized to provide to other attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

4