12-90089-am
In re Hochbaum

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:

> José A. Cabranes,
> Robert D. Sack,
> Richard C. Wesley,
>> *Circuit Judges.*

_____

In re Charles S. Hochbaum,                    12-90089-am

                Attorney.            ORDER OF
                                               GRIEVANCE PANEL

_____

This Court's Committee on Admissions and Grievances (the "Committee") has recommended that Charles S. Hochbaum be disciplined

for his misconduct in this Court. Upon due consideration, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Charles S. Hochbaum be and hereby is **PUBLICLY REPRIMANDED** for engaging in conduct unbecoming a member of the bar.

Hochbaum was admitted to the New York State bar in 1977, and to this Court's bar in 1996.

**I.   Summary of Proceedings**

We referred Hochbaum to the Committee for investigation of his conduct in this Court and in three district court cases in this Circuit, and for preparation of a report on whether he should be subject to disciplinary or other corrective measures. During the Committee's proceedings, Hochbaum had the opportunity to address the matters discussed in our referral order and to testify under oath at a hearing held before Committee members Eileen M. Blackwood, Evan A. Davis, and James I. Glasser. Thereafter, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations, as well as the minority reports of Committee members Gerald Walpin and the Honorable Howard A. Levine.

**A.   The Committee's Findings and Recommendations**

The Committee found clear and convincing evidence that Hochbaum had engaged in misconduct warranting the imposition of discipline. *See* Majority Report at 15-16. Specifically, the Committee found,

2

*inter alia*, that Hochbaum had (a) failed to timely file required documents or respond to directions from the Court in twelve appeals, resulting in dismissal of four of the appeals (although two were later reinstated); and (b) demonstrated a lack of full candor in two district court cases and in the Committee's proceedings.[1]  *Id.* at 5-11, 15 n.6.

Nearly all of Hochbaum's defaults in the twelve appeals are identified in Court orders and notices entered on the docket; in some instances, defaults are reflected in non-public docket entries describing telephone or email communications with Hochbaum.  *See* Second Circuit dockets for 12-1644, 11-5116, 11-2837, 11-2120, 11-1552, 10-4761, 09-3334, 08-0977, 07-5333, 06-5674, 06-3869, 05-2856.  The Committee's findings concerning Hochbaum's lack of full candor are largely based on the analysis found in two district court decisions concerning Hochbaum's testimony in two cases, *Aboulissan v. United States*, No. 03-CV-6214 (CBA), 2008 WL 413781, at \*4-\*5 (E.D.N.Y. Feb. 13, 2008), and *United States v. Rosario*, 237 F. Supp.

---

[1] This Court's records indicate that, in ten of the twelve appeals, Hochbaum was appointed to represent the appellants by the United States District Courts for the Eastern and Southern Districts of New York under the Criminal Justice Act ("CJA").  His CJA appointments in those cases continued in this Court pursuant to this Court's Local Rule 4.1(a).  In one of the remaining appeals, docketed under 08-0977, Hochbaum's motion for CJA appointment was granted by this Court; in the final appeal, docketed under 11-5116, he was privately retained by the appellant.  He is not a member of this Court's CJA Panel.

3

2d 242, 246, 253 (E.D.N.Y. 2002). Additionally, regarding *Aboulissan*, the Committee stated that Hochbaum had presented it with an account of the relevant facts that was "not fully consistent" with the sworn statements he had presented to the district court. *See* Majority Report at 10. The Committee further concluded that it observed "a lack of propensity to full candor . . . in Mr. Hochbaum's dealings with it." *Id.* at 11; *see also id.* at 15 n.6.

After considering several mitigating and aggravating factors, *id.* at 13–15, the Committee recommended that Hochbaum be privately reprimanded and required to attend continuing legal education ("CLE") classes in appellate practice, and to submit periodic status reports to the Court, *id.* at 15-16. Among the aggravating factors was Hochbaum's failure to timely respond to Committee requests for documents and other information. *Id.* at 14. The Committee's decision to recommend a private, rather than public, reprimand was largely based on its finding that a medical condition "was a significant contributing cause of Mr. Hochbaum's lack of diligence and neglect" and that proper treatment of that condition should enable him to meet his professional obligations going forward. *Id.* at 15. In their minority reports, Committee members Levine and Walpin dissented from several findings bearing on Hochbaum's credibility,

4

the severity of the misconduct, and aggravating and mitigating factors, and recommended a public reprimand.  *See* Minority Reports.

**B.    The Court's September 2015 Order**

By order filed in September 2015, Hochbaum was directed to respond to the Committee's reports by October 13, 2015.  He also was instructed as follows:

> A response is required even if you do not intend to object to any aspect of the reports.  Any requests for extension of the time to respond must be made by motion in compliance with the Federal Rules of Appellate Procedure and this Court's Local Rules.

Order filed Sept. 22, 2015, at 1.

In January 2016, the Court informed Hochbaum by telephone and email that it had not yet received his response to the Committee's reports; a copy of our September 2015 order was attached to the Court's email message.  In the telephone conversation, Hochbaum stated that he did not know that he was required to respond if he was in agreement with the Committee's recommendation, and that he would respond shortly.  On March 16, 2016, the Court again inquired about the response, and Hochbaum stated that it would be sent the next day.  Another inquiry was made on April 6, 2016; Hochbaum stated that he had been hospitalized and would file his response that night.  After yet another inquiry on April 14, 2016, Hochbaum complied with the Court's request that the response be filed by noon the next day.

5

## C.  Hochbaum's Response to the Committee's Reports

In his response to the Committee's reports, Hochbaum stated, *inter alia*, that the Committee majority's recommendation that the Court impose a private reprimand "adequately addressed the significant mistakes [he had] made" and properly accounted for his medical condition "as a causative factor in [his] many missteps." Response at 1.  He also stated that he had not previously responded to the Committee's reports because they "did not request any response and [he] agreed with the conclusion set forth in the [Committee majority's] Report and Recommendation."  *Id.*

Hochbaum did not address, or even mention, the September 2015 order, which explicitly required a response to the Committee's reports even if he did not intend to object to any aspect.  He also never requested an extension of time to respond.  However, he did accept responsibility for his delay, and stated that he has been out of work "for considerable stretches of time this year" due to significant family medical and legal issues, which exacerbated his own medical condition.  *Id.* at 2.  He did not mention having been hospitalized.  Finally, he stated his belief that he is now "performing adequately and timely on behalf of [his] clients," although he has "not been so successful when the actions [he] take[s] or fail[s] to take impact on [him] alone."  *Id.*

6

## II. Discussion

"We give 'particular deference' to the factual findings of the Committee members who presided over an attorney-disciplinary hearing where those findings are based on demeanor-based credibility determinations, and 'somewhat lesser deference' to credibility findings based on an analysis of a witness's testimony." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (citing *In re Payne*, 707 F.3d 195, 201 (2d Cir. 2013)). "The Committee members who preside over a hearing are 'in the best position to evaluate a witness's demeanor and tone of voice as well as other mannerisms that bear heavily on one's belief in what the witness says.'" *Id.* (quoting *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 634 (2d Cir. 1996)). In general, the credibility determinations of the presiding Committee members will not be overruled unless they are clearly erroneous. *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012).

We accept the Committee majority's credibility determinations, as they are not clearly erroneous. We also accept the Committee majority's other factual findings. However, for the following reasons, we do not agree that a private reprimand is appropriate.

7

The Committee majority properly treated Hochbaum's medical condition as a substantial mitigating factor. However, we conclude that two substantial aggravating factors warrant a public reprimand. First, Hochbaum's lack of full candor and his failure to properly respond to various Committee requests for documents and other information constitute serious breaches of his professional obligations to the Court and the public. We have previously stated that "the duty of candor is so basic, and so important to proceedings before the Court and Committee, that the possibility of suspension should be considered in every case involving violation of that duty." *Gordon*, 780 F.3d at 161. In his response to the Committee's reports, Hochbaum did not address the Committee's statements regarding his lack of candor and failure to properly respond to various Committee requests.

Second, his failure to timely comply with our September 2015 order, which explicitly directed him to respond to the Committee's report by a set deadline, is another substantial aggravating factor. In the context of an attorney who had failed to respond to the Committee's order to show cause why he should not be disciplined, we stated the following:

> An attorney's default in disciplinary proceedings is a serious breach of the attorney's professional obligations to the Court and the public. In such a case, the attorney has not only failed to respond to a Court-sanctioned order,

8

but has done so after the Court already has found good cause to question the attorney's very competence to continue practicing in this Court. Furthermore, such defaults often seriously handicap the Committee and Court in their efforts to reach a fair determination based on a complete record, and usually result in waste of Committee and Court resources.

Thus, in most cases, when an attorney knowingly defaults in a disciplinary proceeding, and fails to show good cause or excusable neglect for the default, the resulting disciplinary measure, for that misconduct alone, should be no less than a public reprimand.

*In re Warburgh*, 644 F.3d 173, 176-77 (2d Cir. 2011).

Hochbaum's failure to timely respond to the Committee's reports (and to our September 2015 order) has not seriously handicapped the Court in reaching a decision based on a complete record, because his response was eventually received. However, he has delayed this proceeding, wasted Court resources that were expended to obtain compliance with an order of the Court, delayed the processing of other litigants' cases, and caused unnecessary expense to the public. More important, Hochbaum's failure to timely respond to the September 2015 order is little different than the pattern of defaults underlying this entire disciplinary proceeding, giving us little assurance that he will now conform his conduct to expected professional norms.

The Committee concluded that Hochbaum's medical condition was a significant contributing cause of the defaults underlying this proceeding, but there is no evidence in the record that it was a

9

contributing cause of his lack of candor, his failure to properly respond to Committee requests, or his failure to timely comply with our September 2015 order. Additionally, we give little weight to Hochbaum's suggestion, in his response to the Committee's reports, that family medical and legal issues, which exacerbated his own medical condition, prevented him from timely complying with our September 2015 order. Hochbaum's assertions in his response are conclusory, lack any evidentiary support, do not address the entire period of delay from September 2015 to the present (since he only references issues demanding his attention "for considerable stretches of time *this year*"), and do not suggest that he lacked the ability to file a simple motion for an extension of time.

We recently stated in a non-precedential order that "[a]n attorney's culpability for misconduct may be mitigated if, during the relevant time period, the attorney was overwhelmed by the illnesses or other dire circumstances of close family and friends, or by grief, depression, shock, or other forms of mental trauma." *In re Villanueva*, 633 F. App'x 1, 5 (2d Cir. Dec. 1, 2015). However, we also noted the importance of corroboration:

> Due to the difficulty of assessing the impact of mental trauma on an attorney's professional obligations, attorneys are encouraged to provide as much detail as possible when raising that issue. Corroborating evidence, including sworn statements from medical or mental health

10

professionals and others with personal knowledge of the impact, would be helpful. However, the need for corroborating evidence will differ from case to case.

*Id.* at 6 n.4. During the Committee's proceedings, Hochbaum's assertions about his medical condition were corroborated by detailed testimony and a sworn statement of a medical professional; by contrast, his assertions in his response to the Committee's reports are conclusory and deficient in the other respects noted above.[2]

Attorney disciplinary proceedings are intended to protect the public and the administration of justice from attorneys who fail to satisfy their professional obligations to clients, the public, and the legal system. Because of the public's strong interest in disciplinary proceedings, disciplinary dispositions should be public unless the misconduct was minor or there are significant mitigating circumstances.[3] Although Hochbaum's medical condition is a

___

[2] Even if Hochbaum's medical condition was a significant contributing cause of his failure to timely comply with our September 2015 order, that would seriously undermine his assurances that his condition is now being properly treated and will no longer interfere with his professional obligations.

[3] *See* ABA, STANDARDS FOR IMPOSING LAWYER SANCTIONS § III(A)(1.2) (1986, amended 1992) (stating that the "disposition of lawyer discipline should be public in cases of disbarment, suspension, and reprimand," and that private discipline is appropriate "[o]nly in cases of minor misconduct, when there is little or no injury to a client, the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer").

11

significant mitigating circumstance, it is outweighed by the significant aggravating factors discussed above.

On the other hand, while the discipline we impose on Hochbaum is to be made public, we do not go as far as to impose a suspension. As noted above, we will consider a suspension whenever the duty of candor is violated, *see Gordon*, 780 F.3d at 161, but, here, the violation of that duty was not extensive and the mitigating circumstances are substantial.

Upon due consideration of the Committee's majority and minority reports, the underlying record, and Hochbaum's response to the reports, we adopt the findings and recommendations of the Committee majority, except as discussed above, and publicly reprimand Hochbaum. The misconduct found by the Committee warrants at least a public reprimand. Although Hochbaum's medical condition, by itself, is a strong enough mitigating factor to justify a private reprimand in the absence of aggravating factors, the aggravating factors discussed above require that the reprimand be public.

**III. Notice to Public and Other Courts**

The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies to the public in the same manner as all other unpublished decisions of this Court. Copies are to be served on: Hochbaum; the attorney

12

disciplinary committee for the New York State Appellate Division, Second Department; the United States District Courts for the Eastern and Southern Districts of New York (specifically, the judges chairing their attorney disciplinary and CJA committees); the judge chairing this Court's CJA committee; and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Because the Committee's reports and other documents in the record disclose medical and other personal information, the reports and remainder of the record will remain confidential. However, counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other attorney disciplinary authorities. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

A supplemental order issued the same day as this order discusses, *inter alia*, Hochbaum's disclosure and CLE requirements.