19-90122-am
In re Addison

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.

PRESENT:
> José A. Cabranes,
> Robert D. Sack,
> Richard C. Wesley,
> > *Circuit Judges.*

---

| | |
|---|---|
| In re Elizabeth Vickers Addison, | 19-90122-am |
| Attorney. | ORDER OF GRIEVANCE PANEL |

---

| | |
|---|---|
| FOR ELIZABETH VICKERS ADDISON: | Elizabeth Vickers Addison, Esq., Montgomery, Alabama |

By order filed in December 2019, Elizabeth Vickers Addison was ordered to show cause why disciplinary or other corrective measures should not be imposed on her pursuant to Federal Rules of

Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2. During the relevant time period, Addison was a member of the Alabama bar and appeared in this Court pro hac vice.

Addison was referred to this panel based on her conduct in both *Moses v. United States*, 2d Cir. 18-1480, and *United States v. Moses*, 2d Cir. 18-2133, in which she represented Richard E. Moses, Jr. The December 2019 order required Addison to, inter alia, explain her defaults in those two cases, her failure to address certain relevant legal issues, her failure to withdraw the case docketed under 18-1480 in lieu of permitting it to be dismissed on default, and her misrepresentations about her prior disciplinary history. Order at 2-4. Addison also was required to state whether she had ever been known as "Elizabeth Clair Addison" and to provide a full account of her disciplinary history. *Id.* at 4-5.

In her response to the December 2019 order, Addison stated that, due to certain medical issues, she has not practiced law for over 1½ years, *see* Response at 1; she described various medical and family problems that affected her work, *id.* at 1-2; she explained how she came to represent Moses through a referral by a paralegal service, *id.* at 2-3; she described her disciplinary history, *id.* at 2-4; and she asserted that any misrepresentations to this Court were made by the paralegal service hired by Moses, which "filed out all of the paper work" relating to her admission to this Court and was "aware of all of her disciplinary issues with the Alabama [S]tate Bar," *id.* at 3.[1]

---

[1] Addison's assertion that she stopped practicing law at some point in 2018 ("approximately 1½ years" prior to the filing of her response in February 2020), *see* Response at 1, does not take into account her later work in the *Moses* cases. Her letters to Moses that are attached to the response, and various docket entries, make clear that she worked on the *Moses* cases at least until some point in April 2019. *See id.* at 4/21/19 Letter (Seventh Exhibit). Although she stated in her April 2019 letter to Moses that she would withdraw from the representation after filing a motion for him, *see id.*, there is no indication on the docket that she ever sought to withdraw.

Addison did not explain her many defaults in the two *Moses* cases, her failure to address relevant legal issues, or her failure to withdraw the case docketed under 18-1480 in lieu of permitting its dismissal on default. Those omissions are treated as an admission that she did, in fact, engage in that misconduct and lacked any legitimate excuse for it. *In re Aranda*, 789 F.3d 48, 57 (2d Cir. 2015). Those omissions also constitute both an independent basis for disciplinary action and a significant aggravating factor. *Id.* at 57-58. Although Addison described various medical and family issues that affected her work, she did not establish, or even argue, that those issues caused the defaults, her failure to address relevant issues, or her failure to withdraw.

An attorney may not delay a case through seriatim defaults, or

> end the representation of a client without taking affirmative action, or permit the termination of an appeal by allowing its dismissal for lack of prosecution. Depending on the precise circumstances, the proper course of action would have been to affirmatively seek, prior to any applicable deadline: (a) an extension of time, stay of proceedings, or withdrawal of the case without prejudice to reopening by a specified deadline . . . ; (b) leave to withdraw as counsel; (c) leave to withdraw the case without prejudice; or (d) guidance from the Court.

*In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013). As the attorney of record, Addison cannot blame her defaults and failure to provide this Court with proper briefing and accurate information on anyone else, including Moses, another attorney hired by Moses, or the paralegal service that allegedly was responsible for some aspects of Moses' cases. *See In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("As counsel of record, DeMarco ... was directly responsible for ensuring his cases were proceeding in due course, even if his employees or the Court failed to inform him of deadlines, Court directives, or other important information. Although counsel of record need not constantly monitor the Court's docket, counsel cannot allow lengthy periods of time to pass without periodic review.").

It is particularly disturbing that Addison states in her response that her application for pro hac vice admission to this Court's bar, which misrepresented her disciplinary history, was prepared and

3

filed by the paralegal service without her ever seeing or signing it. *See* Response at 3. Addison's motion for pro hac vice admission, and a letter supporting her motion containing Addison's signature, are both on this Court's docket. *See Moses*, 2d Cir. 18-2133, doc. 11 (motion), doc. 15 (letter). After the filing of that motion, the case was pending in this Court for over ten months, apparently without Addison noticing that a motion had been filed in her name without her first reviewing it. Addison does not discuss that motion and letter in her response, beyond suggesting she never saw them, does not explain whether she ever noticed the relevant entries on the docket sheet, and does not comment on her signature on the letter.[2]

Furthermore, Addison did not explicitly state in her response whether she has ever been known as "Elizabeth Clair Addison." However, her description of her disciplinary record and attachment of various prior disciplinary decisions make clear that she has been known by both that name and "Elizabeth Claire Vickers-Addison," and has received both private and public reprimands from the Alabama State Bar. A 2018 public reprimand was for violating rules relating to, inter alia, competence, diligence, client communication, and allowing unauthorized practice of law; a 1997 public reprimand was for improper solicitation of clients; and a 1996 private reprimand was for impugning the integrity of the Alabama judicial system.[3] *See* Response, at Disciplinary Decisions (Tenth through Twelfth Exhibits).

---

[2] Addison apparently was aware of a prior occasion where her name was signed without her approval on a document concerning the *Moses* cases. In a May 20, 2017 letter from Addison to Moses, attached as an exhibit to her response, she stated that the initial contract she had received for representing Moses had already been "signed by [Moses's] mother and supposedly [Addison]," but that she had not previously seen that contract. Response, at 5/20/17 Letter (First Exhibit) at ¶ 5.

[3] The website of the Alabama State Bar reflects that Addison currently is in "inactive" status and is not authorized to practice in that state. For present purposes, we assume that Addison voluntarily suspended or ended her bar membership.

There are several significant aggravating factors: the defaults and other misconduct occurred in challenges to a criminal conviction, where significant liberty interests were at risk, *see In re Aranda*, 789 F.3d at 59 (discussing criminal appeals); *In re D'Amico*, 729 F. App'x 62, 66 (2d Cir. 2018) (discussing habeas corpus appeal); Addison failed to properly respond to our December 2019 by not addressing significant allegations of misconduct, *Aranda*, 789 F.3d at 57-58; Addison has substantial experience as a lawyer, *see In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009); and many of her defaults in this Court occurred after the Alabama State Bar disciplined her for lack of diligence and after this Court warned her that continued default would result in dismissal of the case, *see In re Roman*, 601 F.3d 189, 196 (2d Cir. 2010) ("[T]he fact that Roman continued to engage in misconduct in this Court after being put on notice by the Ninth Circuit about similar misconduct constitutes a significant aggravating factor.").

Additionally, while it is unclear whether Moses was prejudiced by Addison's misconduct, she "caused prejudice of a different type: [she] wasted the time of opposing counsel, Court employees, and judges; delayed the processing of other litigants' cases; and caused unnecessary expense to the public." *In re Gordon*, 780 F.3d 156, 159 (2d Cir. 2015).

In mitigation, Addison presents her medical and family issues. *See In re Villanueva*, 633 F. App'x 1, 5 (2d Cir. 2015) (summary order) ("An attorney's culpability for misconduct may be mitigated if, during the relevant time period, the attorney was overwhelmed by the illnesses or other dire circumstances of close family and friends, or by grief, depression, shock, or other forms of mental trauma."). While we appreciate and sympathize with those extraordinary medical conditions and family misfortunes that Addison has faced over much of her lifetime as set forth in her response to the December 2019 order, as noted above, Addison has not made clear how her medical and family problems caused, or related to the, specific instances of misconduct discussed above and in our

December 2019 order. Additionally, she has not presented us with any medical evidence beyond her sworn allegations in her response. *See In re Hochbaum*, 649 F. App'x 80, 84 (2d Cir. 2016) (discussing failure to link attorney's medical condition to specific instances of misconduct and failure to provide medical corroboration). Nonetheless, we accept Addison's sworn allegations about her medical and family issues as providing at least partial mitigation.

Upon due consideration of the above matters, it is hereby ORDERED that Addison is PUBLICLY REPRIMANDED for her misconduct in this Court. The Clerk of Court is directed to serve a copy of this order on Addison, the attorney disciplinary committees for the Alabama State Bar and the United States District Court for the District of Vermont, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.