In re Sanchez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

| | |
|---|---|
| IN RE JAY A. SANCHEZ (ALSO KNOWN AS JAY A. SANCHEZ-DORTA), | 19-90023-am |
| Attorney. | ORDER OF GRIEVANCE PANEL |

---

FOR ATTORNEY:                                                   JAY A. SANCHEZ
                                                               Rising Star, Texas

This Court's Committee on Admissions and Grievances (the "Committee") has recommended that Jay A. Sanchez be disciplined for his misconduct in this Court. Upon due consideration, it is hereby ORDERED that Sanchez is PUBLICLY REPRIMANDED for engaging in conduct unbecoming a member of this Court's bar.[1]

---

[1] The New York State attorney registration website shows Sanchez's name as "Jay Anthony Sanchez" and his "business name" as "the Law Office of J.A. Sanchez-Dorta." The Committee's report uses "Sanchez-Dorta," but Sanchez's recent communications in this matter use "Sanchez," which we likewise use in this decision.

Sanchez was admitted to the New York bar in 1995 and this Court's bar in 2012; however, his admission to this Court's bar expired in 2022.

## I. Committee Proceedings

We referred Sanchez to the Committee for investigation of his conduct in this Court and preparation of a report on whether he should be subject to disciplinary or other corrective measures. Three areas of concern were identified:

- Sanchez's failure to attend, or arrange for substitute counsel to attend, oral argument in *United States v. Cardroom International, LLC*, No. 17-2028 (2d Cir.).
- Repeated instances where Sanchez's filings were found to be frivolous or were otherwise criticized by this Court or by judges of the United States District Court for the Southern District of New York, including instances where he was sanctioned $1,000 and $25,000.[2]
- Sanchez's failure to address all of the questionable conduct identified in this panel's initial order to show cause why he should not be disciplined.

During the Committee's proceedings, Sanchez had the opportunity to address the matters discussed in our referral order and to testify under oath at a hearing held before Committee members James Glasser, Leslie Dubeck, and Damaris Hernández. Thereafter, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations.

In its report, the Committee found clear and convincing evidence that Sanchez had engaged in serious misconduct warranting the imposition of discipline, based on the three areas of concern described above.[3] *See* Report at 4-9. After considering several mitigating and aggravating factors, *id.* at 10-11, the Committee recommended that Sanchez be privately reprimanded, required to attend sixteen hours of continuing legal education ("CLE") classes in appellate practice, and placed in probationary status following the completion of the required CLE, *id.* at 1-2, 11.

[2] *See Beter v. Murdoch*, 771 F. App'x 62, 63 (2d Cir. 2019) (summary order); *Beter v. Murdoch*, No. 18-2124, doc. 111 (2d Cir.) (order; imposing $25,000 sanction); *Cortes v. 21st Century Fox America, Inc.*, 751 F. App'x 69, 73-74, 74 n.2 (2d Cir. 2018) (summary order); *Cortes v. 21st Century Fox America, Inc.*, No. 18-414, doc. 98 (2d Cir.) (order); *Charles v. Levitt*, 716 F. App'x 18, 23 (2d Cir. 2017) (summary order); *Charles v. Levitt*, No. 15-cv-9334, 2016 WL 3982514, at *7-8 (S.D.N.Y. July 21, 2016) (imposing $1,000 sanction); *Sanchez v. City of New York*, No. 15-cv-9940, 2017 WL 3381892, at *2 (S.D.N.Y. Aug. 4, 2017), *aff'd*, 736 F. App'x 288 (2d Cir. 2018); *Chery v. Nationstar Mortg. LLC*, No. 18-cv-1240, 2018 WL 3708664, at *5 (S.D.N.Y. Aug. 2, 2018).

[3] The Committee's report does not discuss Sanchez's failure to address all of the questionable conduct identified in this panel's initial order to show cause why he should not be disciplined. For present purposes, we assume the Committee treated that conduct as another instance of Sanchez's poor briefing. However, even if that conduct was not considered, it would not alter the disposition of this proceeding.

**II. Sanchez's Response to the Committee's Report, and Supplemental Declaration**

In response to the Committee's report, Sanchez stated, inter alia, that he accepted all of its "terms." Sanchez Response at 1. Thereafter, in response to an inquiry from this panel's counsel, Sanchez acknowledged that he had not paid the $25,000 sanction imposed in *Beter v. Murdoch*, No. 18-2124 (2d Cir.). Sanchez Declaration at 1, 4.

**III. Discussion and Disposition**

"We give particular deference to the factual findings of the Committee members who presided over an attorney-disciplinary hearing where those findings are based on demeanor-based credibility determinations, and somewhat lesser deference to credibility findings based on an analysis of a witness's testimony." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted). In general, the credibility determinations of the presiding Committee members will not be overruled unless they are clearly erroneous. *Id.* The same is true for the Committee's other factual findings. *Cf.* Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012).

To the extent the Committee found that Sanchez had already been disciplined for part of the conduct now at issue, through payment of the $25,000 sanction, we reject that finding as contradicted by Sanchez's recent concession.[4] Additionally, Sanchez's failure to inform either the *Beter* panel or the Committee (or this panel, until explicitly questioned on the issue) that he had not paid that sanction is of concern. Even if financially unable to pay the sanction, Sanchez was obligated to inform the *Beter* panel that he was unable to comply with its order to pay the sanction within 30 days, *see Beter*, No. 18-2124 (2d Cir.), doc. 111 (order; requiring payment by August 23, 2019), and to inform both the Committee and this panel that any reliance on that prior sanction as a mitigating factor was misplaced. Sanchez's lack of candor is a significant aggravating factor. *See Gordon*, 780 F.3d at 161 ("[T]he duty of candor is so basic, and so important to proceedings before the Court and Committee, that the possibility of suspension should be considered in every case involving violation of that duty.").

We otherwise generally accept the Committee's factual findings and its determinations concerning aggravating and mitigating circumstances. However, the serious nature of Sanchez's misconduct, and

---

[4] However, the record does reflect that Sanchez paid the $1,000 sanction imposed in *Charles*, No. 15-cv-9334, 2016 WL 3982514, at *8 (S.D.N.Y. July 21, 2016). *See Charles*, No. 15-cv-9334, entry dated 7/28/2016 (cashier's office remark concerning receipt of payment).

3

the public's strong interest in disciplinary matters, lead us to conclude that a public reprimand is warranted. *See In re Hochbaum*, 649 F. App'x 80, 84 (2d Cir. 2016) ("Because of the public's strong interest in disciplinary proceedings, disciplinary dispositions should be public unless the misconduct was minor or there are significant mitigating circumstances.").

Because Sanchez is not currently admitted to this Court's bar, we have no occasion to consider a period of suspension. For the same reason, we do not consider the possibility of a probationary period, as recommended by the Committee, although that may be appropriate if Sanchez does apply for readmission. Further, although the Committee's recommendation that Sanchez attend CLE classes in appellate practice is strongly supported by the record, we leave that issue to be addressed in relation to any application for readmission Sanchez submits to this Court; at that time, Sanchez must detail all efforts he has made to correct the practice issues discussed in this disciplinary proceeding, including attending CLE classes, and provide examples of recent court filings demonstrating his ability to produce work free of those issues. Additionally, any application for readmission, or future motion to appear pro hac vice in any appeal in this Court, must be accompanied by a copy of this order.

Regarding Sanchez's request for a payment plan for the $25,000 sanction imposed in *Beter*, we decline to implement such a plan at this time because Sanchez has not suggested what amounts he might be able to pay, and on what schedule, and has not provided any proof of his income and assets. Because of the factual nature of that issue, we refer it to the Committee. The Committee should decide, in the first instance, what further proceedings are necessary and prepare a supplemental report and recommendation for this panel's review.[5]

Upon due consideration, it is hereby ORDERED that:

(1) Jay A. Sanchez is PUBLICLY REPRIMANDED for the misconduct described above.
(2) If Sanchez applies for readmission or for admission pro hac vice to this Court, he must FILE a copy of this order accompanying such application and otherwise follow the requirements imposed by this order.
(3) As to Sanchez's ability to pay the $25,000 sanction imposed in *Beter*, we REFER the matter to the Committee on Admissions and Grievances for further proceedings consistent with this order.

---

[5] The *Beter* panel ordered Sanchez to pay the $25,000 sanction within 30 days of its order. *See Beter*, No. 18-2124, doc. 111 (2d Cir.) (order). In the usual course, this panel would not be free to revisit issues disposed of in a prior panel's decision, *In re Payne*, 707 F.3d 195, 205 (2d Cir. 2013), which would have required Sanchez's request for an alternate payment plan to be made to the *Beter* panel. However, that panel has referred the sanction issue to this panel since it is closely related to the other issues discussed in this order.

4

The Clerk of Court is directed to release this decision to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy of this order on Sanchez, the disciplinary committees for the New York State Appellate Division, Second Department, and the United States District Court for the Southern District of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[6]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.