In re Cruikshank

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

IN RE ALLAN BALDWIN CRUIKSHANK, JR.,

> Attorney.

22-90079-am

ORDER OF
GRIEVANCE PANEL

---

FOR ATTORNEY:

ALLAN B. CRUIKSHANK, JR.
Plattsburgh, New York

By order filed in September 2022, this panel ordered Allan Baldwin Cruikshank, Jr., to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2.

Cruikshank had been referred to this panel based on his conduct in *United States v. Choudhry*, 2d Cir. 21-2011, in which he represented the appellant, Mohammad Choudhry. That appeal was from an August 2021 criminal judgment, under which Choudhry was sentenced to, inter alia, 46 months'

imprisonment. *See United States v. Choudhry,* N.D.N.Y. 20-cr-63, doc. 32 (judgment). The procedural history of the appeal—as detailed in the September 2022 order—suggested Cruikshank's possible neglect of his client, unwarranted delay, and waste of judicial and opposing party resources.[1]

Cruikshank failed to respond to our September 2022 order and failed to further prosecute the *Choudhry* appeal after having received an extension of time to file his brief in July 2022. *See Choudhry,* 2d Cir. 21-2011, doc. 48 (order granting extension of time). In February 2024, the Court sua sponte relieved Cruikshank as counsel for Choudhry and new counsel was appointed to determine if Choudhry wished to pursue the appeal. *See id.,* doc. 56 (order). Additionally, in March 2024, Cruikshank was barred from applying for readmission to this Court's bar, or representing any party in this Court, until such time as he responded to the September 2022 order and received leave of the Court for any proposed representation. *See* 2d Cir. 22-90079, 3/15/2024 Order.

In June 2024, Cruikshank responded to the September 2022 order, although he did not explain his delay. In his response, he first describes his disciplinary history in the New York State Appellate Division, Third Department, which consisted of: (a) a 2004 letter of caution, based on repeated failures to attend scheduled proceedings in a criminal case; (b) a 2008 letter of caution, based on failure to perfect an appeal from a traffic violation conviction, failure to respond to client communications for over two years, and failure to respond to disciplinary committee letters; (c) a 2022 admonition relating to a divorce action, based on failure to obtain a signature required for the transfer of marital property, failure to respond to the client's requests to resolve that matter (until after she filed a disciplinary complaint), and failure to cooperate with the disciplinary committee; and (d) another 2022 admonition, based on failure to comply with a scheduling order in a family court custody case (resulting in the barring of the client's evidence), and failure to respond to client communications, to reasonably consult with the client, and to comply with the client's reasonable requests for information. *See* Response at 2-5 (pdf pag.); *see also* August 2025 Supplemental Response.[2]

Regarding his conduct in *Choudhry,* Cruikshank states that his district court representation of Choudhry was diligent but concedes that he did not "effectively and timely prosecuting the appeal," in which he "created unnecessary delay" and "was inadequate and ineffective in completing [his] duties as

---

[1] The New York State attorney registration website reflects that Cruikshank has been a member of the New York bar since 1999. His admission to this Court's bar expired in January 2022.

[2] The supplemental response notes that three additional disciplinary proceedings remain pending before the Third Department's disciplinary committee and that Cruikshank was censured by the Third Department in August 2024 for the conduct described in this Court's September 2022 and March 2024 orders. *See* Aug. 2025 Suppl. Resp. We take no action with respect to those matters, as it would be premature to do so with respect to the three pending matters and redundant as to the censure.

counsel." Response at 5-6; *see also id.* at 6-7 (detailing delays and defaults). He summarizes his representation in Choudhry's appeal as follows:

> My failures in this matter were my responsibility and I failed to effectively discharge my duties as counsel in this matter. I neglected prompt attention to the appeal, and neglected prompt and effective response to the communications and directives of the Court and the Clerk's office. I failed to effectively make the filings appropriate to my assessment of this case, and to affect its discontinuance either by filing a Motion to Discontinue, or by filing a Statement Pursuant to Local Rule 42.2 in order to discontinue that action.
>
> I am most upset by the comparison that can readily be made between the competent and effective quality of my representation of Mr. Choudhry at the District Court level compared with the poor quality of my performance for him in the appeal to this Court. I am ashamed by that comparison.

*Id.* at 7-8. He also states that his prior experience in this Court was limited to a single case, that his "caseload has been incredible and sometime unmanageable during most of the timeframe complained of," and that "most of [his district court] clients have been very pleased with the quality of [his] representation." *Id.* at 8. He accepts responsibility for the matters detailed in the September 2022 order and pledges to improve his performance:

> I apologize for and regret my failings in this matter both to the Court and to Mr. Choudhry. I recognize that I have a duty to competently and effectively represent every one of my clients in connection with their legal matters and that I did not do so concerning this appeal for Mr. Choudhry. I accept responsibility for those failures and will endeavor to be exceptionally better at discharging my duties in the future. I believe that the stress of my caseload and the general stressors in my life contributed to these failings and I am working to manage those stressors.

*Id.* at 8-9. However, he does not provide any details concerning his caseload and other stressors during the relevant period, identify any specific remedial measures, or explain how those measures would improve his performance. Finally, Cruikshank opines that no prejudice resulted from his misconduct, since Choudhry had agreed with his assessment that the appeal lacked merit and should be discontinued. *Id.* at 8.

In the meantime, in April 2024, the Court received an update from the new attorney who had been appointed to represent Choudhry in his appeal. The new attorney reported that he had been

3

unable to locate Choudhry (who had been released from prison in 2023) and thus could not determine whether Choudhry wished to continue the appeal. *See* 2d Cir. 21-2011, doc. 71 (letter). He also stated that he had contacted Cruikshank:

> Unfortunately, while prior counsel [i.e., Cruikshank] provided the file, he did not forward contact information for Mr. Choudhry. In an email sent March 5, I reminded prior counsel to forward the most recent contact information. I have not received a response to that email.

*Id.* As a result of new counsel's inability to ascertain Choudhry's wishes, the appeal was administratively closed. *See* 2d Cir. 21-2011, doc. 75 (order). The new attorney recently informed counsel to this panel that he still has not received a response from Cruikshank to his March 2024 message.

**Discussion and Disposition**

It is difficult to accept Cruikshank's expression of remorse and his promise to avoid future misconduct, in light of his disciplinary history, the multiple past warnings he has had about similar misconduct, his default in this very disciplinary proceeding, his failure to explain his defaults beyond his vague reference to "stressors" that "contributed" to the defaults, and his failure to identify any remedial measures. Under these circumstances, Cruikshank has not made a credible showing that he will alter his conduct in any meaningful way.

We see three mitigating factors: (1) apparent lack of a dishonest or selfish motive; (2) apparent lack of prejudice to Choudhry; and (3) the misconduct being limited to one appeal (although it then continued in this disciplinary proceeding).[3]

We find several aggravating factors: (1) Cruikshank is an attorney with many years of experience; (2) he defaulted in this disciplinary proceeding, and failed to explain that default; (3) he has a substantial disciplinary history (although he has never been suspended or disbarred); (4) there is a pattern of similar

---

[3] *See* ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") § 9.32(b) (1986, amended 1992) (listing lack of dishonest or selfish motive as mitigating factor); *In re DeMaio*, No. 23-90033, 2023 WL 4567990, at *5 (2d Cir. July 18, 2023) (stating that misconduct having been limited to one case was a mitigating factor); *In re Hahn*, 495 N.Y.S.2d 305, 306 (4th Dep't 1985) (treating absence of prejudice or loss to client as mitigating factor). The "stressors" that contributed to Cruikshank's defaults are not treated as mitigating factors; he provided no details, did not link the stressors to the relevant periods, and did not explain why he could not have filed a simple motion for an extension of time, or a stay of proceedings, when the stressors made compliance with Court deadlines difficult. *See In re Hochbaum*, 649 F. App'x 80, 84 (2d Cir. 2016). We also do not treat Cruikshank's lack of experience in this Court as a mitigating factor, since it is not clear why it might excuse his failure to comply with clear orders and directives of this Court or his failure to respond to messages left by Court employees.

4

misconduct stretching back many years; (5) even if Choudhry himself was not prejudiced, Cruikshank's delays and defaults in both the Choudhry appeal and this disciplinary proceeding caused prejudice by: wasting the time of opposing counsel, Court employees, and judges; delaying the processing of other litigants' cases; and causing unnecessary expense to the public; and (6) he continued to engage in misconduct (in both the appeal and this disciplinary proceeding) after being put on notice by the September 2022 order that the Court was concerned by his conduct and was considering significant disciplinary measures.[4]

Upon due consideration of the above matters, it is hereby **ORDERED** that Cruikshank is **PUBLICLY REPRIMANDED** for his misconduct in this Court. Because Cruikshank is not currently a member of this Court's bar, we do not have occasion to consider a period of suspension. However, under the present circumstances, the misconduct and aggravating factors described above likely would have warranted a suspension had he been a member of this Court's bar.

It is further **ORDERED** that Cruikshank provide a copy of this order with any future application for admission to the bar of this Court or any future motion to appear pro hac vice in any appeal in this Court. If Cruikshank is required by any rule or other authority to continue his representation of a client in this Court, he must promptly notify the Clerk of Court and this panel.

The Clerk of Court is directed to release this decision to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy of this order on Cruikshank, the disciplinary committees for the New York State Appellate Division, Third Department, and the United States District Court for the Northern District of New York, and all other courts and jurisdictions to which this Court distributes

---

[4] *See In re Gordon*, 780 F.3d 156, 159 (2d Cir. 2015) (stating that attorney's defaults prejudiced others by: wasting the time of opposing counsel, Court employees, and judges; delaying the processing of other litigants' cases; and causing unnecessary expense to the public); *In re Warburgh*, 644 F.3d 173, 176 (2d Cir. 2011) (stating that default in disciplinary proceeding was "both an independent basis for disciplinary action and an aggravating factor"); *In re Roman*, 601 F.3d 189, 196 (2d Cir. 2010) ("[T]he fact that Roman continued to engage in misconduct in this Court after being put on notice by the Ninth Circuit about similar misconduct constitutes a significant aggravating factor."); *In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009) (stating that attorney's "many years of experience is an aggravating factor"); *In re Schwartz*, 665 F. App'x 99, 103 (2d Cir. 2016) (summary order) (holding that the attorney's failure to alter his behavior, after this Court's order to show cause in the disciplinary proceeding put him on notice of the Court's concerns, constituted a significant aggravating factor); ABA Standards § 9.22(a), (c), and (i) (listing "prior disciplinary offenses," "pattern of misconduct," and "substantial experience in the practice of law" as aggravating factors). The fact that the misconduct occurred in a criminal appeal, where significant liberty interests were at risk, normally would be treated as an additional aggravating factor. *See Aranda*, 789 F.3d at 59. However, we accept Cruikshank's assertion that Choudhry had agreed that the appeal should be discontinued, and thus waived his liberty interests.

disciplinary decisions in the ordinary course.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.