25-90071
In re Florez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

In re Milton H. Florez,

                          Attorney.

25-90071-am

ORDER OF
GRIEVANCE PANEL

---

FOR ATTORNEY:                                          JOHN L. RUSSO
                                                       Astoria, New York

Milton H. Florez was ordered to show cause why disciplinary or other corrective measures should not be imposed on him, pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2, based on the conduct described below.

Florez is not a member of this Court's bar, but has been a member of the New York State bar since 1997. The New York State attorney registration website reflects that he does not have a record of public discipline.

## I. Relevant Conduct

### A. *United States v. Balkissoon*, 24-896 (2d Cir.)

In *United States v. Balkissoon*, 24-896 (2d Cir.), Florez represented defendant-appellant Selwyn Balkissoon. In March 2024, Balkissoon was sentenced to, inter alia, a prison term of twelve months and one day, to be followed by two years of supervised release, for attempted robbery. *United States v. Balkissoon*, E.D.N.Y. 22-cr-235, doc. 35 (judgment). Although he was represented by Florez in district court, Balkissoon filed a pro se notice of appeal from the judgment. *Id.*, doc. 37 (notice of appeal). As stated in this Court's local rules, "[a] criminal defendant's counsel, whether retained or appointed, is responsible for representing the defendant on appeal unless relieved by this court," which "includes complying with [the Federal Rules of Appellate Procedure] and all [local rules] and [internal operating procedures]." Second Circuit Local Rule 4.1(a); *accord In re Aranda*, 789 F.3d 48, 53–54 (2d Cir. 2015) ("[A]fter the defendant's notice of appeal is filed, the defendant's attorney is required to proceed with the appeal until explicitly relieved of the representation by this Court."). No exception is made for pro se notices of appeal.

In May 2024, orders were entered stating that the appeal would be dismissed unless Florez filed certain overdue forms by May 31, 2024. *Balkissoon*, 24-896, docs. 12, 13 (orders). He did not do so. In late June 2024, the Government moved to dismiss the appeal, based on an appeal waiver in Balkissoon's plea agreement, and Florez was ordered to respond. *Id.*, doc. 15 (motion), doc. 16 (order). He did not do so. From mid-July 2024 to early-June 2025, a Court employee left Florez four messages about the overdue forms and his overdue response to the Government's motion. *Id.*, entries for 7/18/2024, 8/29/2024, 9/12/2024, and 6/5/2025 (non-public entries describing messages). Florez did not file the forms or respond to the Government's motion and, in June 2025, he was sua sponte relieved of his representation and new counsel was appointed. *Id.*, doc. 17 (order). New counsel subsequently moved to be relieved as counsel and for the appeal to be dismissed as abandoned, based on Balkissoon's failure to respond to counsel's communications. *Id.*, doc. 25 (motion). In September 2025, that motion was granted. *Id.*, doc. 28 (order).[1]

### B. *United States v. Collado*, 23-8070 (2d Cir.)

In *United States v. Collado*, 23-8070 (2d Cir.), Florez represented defendant-appellant Joel Collado. In December 2023, Collado was sentenced to, inter alia, a prison term of 121 months for narcotics offenses. *United States v. Collado*, S.D.N.Y. 22-cr-356, doc. 88 (judgment). Florez filed a notice of appeal on behalf of Collado. *Id.*, doc. 90 (notice of appeal).

---

[1] The Federal Bureau of Prisons website indicated that Balkissoon was no longer in its custody as of December 30, 2024. He apparently began his supervised release term at that point.

In January 2024, Florez filed in this Court a letter requesting to be relieved as counsel, because Collado had hired him only for the district court proceedings. *Collado*, 23-8070, doc. 9 (letter). The request was denied, without prejudice to renewal in a motion complying with the Court's Local Rules. *Id.*, doc. 10 (order). From late-February 2024 to late-August 2024, a Court employee left Florez three messages about overdue forms and his motion to be relieved. *Id.*, entries for 2/26/2024, 5/24/2024, and 8/29/2024 (non-public entries describing messages). The docket does not reflect that Florez responded to any of these messages and, in October 2024, he was sua sponte relieved of his representation and new counsel was appointed. *Id.*, doc. 18 (order). The appeal is currently pending.

### C. *United States v. Velez (Ricuarte)*, 22-3038 (2d Cir.)

In *United States v. Velez (Ricuarte)*, 22-3038 (2d Cir.), Florez represented defendant-appellant Ricardo Ricuarte. In November 2022, Ricuarte was sentenced to, inter alia, a prison term of 14 years for a narcotics offense. *United States v. Ricuarte*, S.D.N.Y. 19-cr-862, doc. 895 (judgment). Although he was represented by Florez in district court, Ricuarte filed a pro se notice of appeal. *Id.*, doc. 896 (notice of appeal). This Court's docket reflects that Florez defaulted in various respects in the appeal prior to his being relieved from the representation. *See Velez (Ricuarte)*, 22-3038, docs. 52, 53 (orders noting defaults and warning of possible dismissal); entries for 1/13/2023, 2/8/2023, 3/9/2023, 4/25/2023, 6/14/2023, and 7/31/2023 (non-public entries describing telephone calls concerning overdue documents and intended motion to be relieved); doc. 78 (motion to be relieved); doc. 81 (order granting motion to be relieved). The appeal was heard May 28, 2026 and a decision is pending.

## II. Response to Order to Show Cause

In his response, Florez states, inter alia, that he has never been disciplined by any bar or court, or ordered to show cause why he should not be sanctioned or disciplined (until this occasion). Response at 1. Regarding the conduct described above, Florez states that his clients understood that he was retained only for the district court proceedings and not for any appeal, that he has never handled any federal or state appeal, that he is unfamiliar with this Court's rules of practice, and that all three clients had entered into plea agreements in which they had waived their right to appeal. *Id.* at 2. He believes that none of his clients suffered prejudice from his conduct, states that he received no compensation for the appeals, but concedes that he "should have been more astute and prepared to comply with the Court's Local Rules." *Id.* at 3.[2]

---

[2] We note that Florez's response was five days late, and no request for an extension of time was made. We nonetheless consider it.

**IV. Discussion and Disposition**

We first note that Florez's response does not address his failure to respond to the Government's motion to dismiss in *Balkissoon*, his failure to file required documents (even after this Court identified the missing documents), his failure to respond to numerous messages from this Court, or his multiple defaults. It is unlikely that his unfamiliarity with this Court's rules of practice explains all of those failures—for instance, knowledge of this Court's rules clearly is not required to understand that messages from this Court should be timely returned and orders of the Court obeyed—and, in any event, he does not make that argument. Florez also does not state, and the relevant dockets do not suggest, that he sought guidance from the Court regarding any procedures he did not understand. Florez's failure to address those matters in his response is treated (a) as an admission that he did, in fact, engage in the specified misconduct and lacked any legitimate excuse for it, (b) as an independent basis for disciplinary action, and (c) as an aggravating factor. *In re Aranda*, 789 F.3d at 57.

We also reject Florez's other excuses for his misconduct. It is irrelevant that Florez's clients understood that he was only hired for district court proceedings; Local Rule 4.1(a) required him to proceed with the appeals until the Court explicitly relieved him of the representation. Likewise, his clients' waiver of their right to an appeal in their plea agreements also did not relieve him of the obligation to properly represent them once notices of appeal were actually filed—criminal actions often present appealable issues even where a plea agreement purports to waive all or most of the defendant's appellate rights and, in any event, an attorney who believes that an appeal cannot or should not go forward must follow the procedures described in the relevant rules and case law. *See United States v. Gomez-Perez*, 215 F.3d 315, 319-20 (2d Cir. 2000) (detailing attorney's responsibilities when the Government moves to dismiss a criminal appeal based on the defendant's waiver of appellate rights); *see, e.g.*, *United States v. Reyes-Arzate*, 91 F.4th 616, 619 (2d Cir. 2024) (reminding defense bar that a *Gomez-Perez* response "should address *all* aspects of a defendant's conviction and sentence that are not unambiguously waived"). In fact, the order directing Florez to respond to the Government's motion to dismiss in *Balkissoon* explicitly stated that his response must comply with *Gomez-Perez*, thus putting Florez on notice of the applicable rules. *See Balkissoon*, 24-896, doc. 16 (order).

We accept Florez's argument that his former clients were not prejudiced, but his defaults exposed them to a serious risk of prejudice—i.e., the potential dismissal of their criminal appeals, which involved important liberty interests. *See Aranda*, 789 F.3d at 59. Additionally, his misconduct "caused prejudice of a different type: he wasted the time of opposing counsel, Court employees, and judges; delayed the processing of other litigants' cases; and caused unnecessary expense to the public." *In re Gordon*, 780 F.3d 156, 159 (2d Cir. 2015). In the above-described appeals, opposing counsel was undoubtedly inconvenienced by Florez's conduct, although the extent of that inconvenience is unclear. But it is very clear that this Court's employees were forced to expend a great deal of time and effort chasing after

4

Florez in a largely vain effort to make him satisfy his obligations to his clients and the Court—time that could have gone to the processing of other cases.

The following constitute additional aggravating factors: (1) Florez has many years of experience as an attorney, *see In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009) (*per curiam*); ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") § 9.22(i) (1986, amended 1992); (2) there were multiple instances of misconduct in the three appeals, enough to constitute a disturbing pattern, *see* ABA Standards § 9.22(c) and (d) (listing "pattern of misconduct" and "multiple offenses" as aggravating factors); and (3) most problematic, he disregarded this Court's direct order in *Balkissoon* that he respond to the Government's motion to dismiss.

Florez's response suggests two mitigating factors. First, he notes his inexperience in this Court, *see* ABA Standards § 9.32(f) (listing inexperience as mitigating factor), but it is difficult to see how that might excuse either his failure to comply with clear orders and other directives of the Court or his failure to respond to messages left by Court employees, *see In re Cruikshank*, No. 22-90079, 2025 WL 2327275, at *3 n.3 (2d Cir. Aug. 13, 2025) (summary order). Second, Florez notes his lack of a prior disciplinary record, which we deem a significant mitigating factor. *See* ABA Standards § 9.32(a).

Nonetheless, the misconduct and aggravating factors described above are significant, warranting more than a private reprimand. *In re Hochbaum*, 649 F. App'x 80, 84 (2d Cir. 2016) (summary order) ("Because of the public's strong interest in disciplinary proceedings, disciplinary dispositions should be public unless the misconduct was minor or there are significant mitigating circumstances."); *accord* ABA Standards § 1.2. Upon due consideration, it is hereby **ORDERED** that Florez is **PUBLICLY REPRIMANDED**.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The Clerk of Court is directed to release this decision to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Florez, the disciplinary committee for the New York State Appellate Division, Second Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.